[Civ. No. 19424. Second Dist., Div. One. June 12, 1953.]

ETHEL E. GALE, Appellant, v. COUNTY OF SANTA BARBARA et al., Respondents.

Clarence A. Rogers for Appellant.

Vern B. Thomas, District Attorney, and Griffith & Thornburgh for Respondents.

SCOTT (Robert H.), J. pro tem.—Plaintiff appeals from a judgment for defendant pursuant to an order denying relief under section 473 of the Code of Civil Procedure, refusing permission to file a second amended complaint and sustaining demurrer to first amended complaint without leave to amend.

On June 22, 1951, plaintiff claims that she sustained personal injury falling on the steps leading from the street to the sunken garden of defendant county's courthouse. On September 21, 1951, she filed her verified claim for damages with the county clerk. This exceeded by one day the 90-day period fixed by section 53052 of the Government Code within which the claim had to be filed.

When she later brought suit for damages against defendant county and its employees this delay in filing her claim with the county caused the trial court to sustain a demurrer without leave to amend to plaintiff's first amended complaint. From judgment pursuant thereto plaintiff appeals.

It is her position that the time element with respect to the filing of the proper claim is procedural in nature and should be excused under section 473 of the Code of Civil Procedure, the delay being the result of mistake, inadvertence and excusable neglect. No authority is cited and we are not aware of any which would support plaintiff's suggestion that she can properly resort to that section for relief from her failure to file a verified claim which the law requires as a prerequisite to bringing suit against these defendants. A reading of the section itself in no way fortifies her position.

The record discloses that soon after the accident plaintiff verbally notified the county and was offered a nominal settlement for her claim. This was refused and on July 31, she consulted her attorney who accepted the case on August 1. The latter then wrote on his calendar under September 22, that it was the last day to file plaintiff's claim. The claim was filed, as above stated, on September 21. The 90-day period had expired September 20. No excuse is offered for the delay.

Appellant does not suggest that defendants are precluded by estoppel from asserting the defense that plaintiff had not filed timely notice. Defendants had not caused the delay or misled plaintiff to her detriment as was the situation in *Farrell* v. *County of Placer*, 23 Cal.2d 624 [145 P.2d 570, 153 A.L.R. 323], and *Cruise* v. *City & County of San Francisco*, 101 Cal.App.2d 558 [225 P.2d 988]. Nor is any mental in-

capacity of plaintiff urged so as to bring it within the language of *Schulstad* v. *City & County of San Francisco,* 74 Cal.App. 2d 105 [168 P.2d 68].

Cases have established that the liability of municipalities, counties and school districts for the negligent acts of their officers and employees is derived solely from statutory provisions in this state. Any plaintiff, therefore, must fulfill the mandatory requirements that a verified claim be filed as a prerequisite to maintaining a suit under the statute and failure to file such a claim is fatal to the cause of action. *Redlands High School Dist.* v. *Superior Court,* 20 Cal.2d 348, 358 [125 P.2d 490].

Judgment affirmed.

White, P. J., and Doran, J., concurred.

A petition for a rehearing was denied June 29, 1953, and appellant's petition for a hearing by the Supreme Court was denied August 6, 1953. Carter, J., was of the opinion that the petition should be granted.