[Civ. No. 19789. Second Dist., Div. Two. Feb. 18, 1954.]

ERIC G. ALBAECK, a Minor, etc., Appellant, v. COUNTY OF SANTA BARBARA, Respondent.

Richard L. Oliver for Appellant.

Griffith & Thornburgh, C. Douglas Smith and Robert L. Thornburgh for Respondent.

MOORE, P. J.—Appeal from judgment after demurrer to the complaint had been sustained and no amended pleading filed.

The complaint alleges that defendant maintained the ''Carpinteria Dump'' on a public ocean beach where the residents of the county were allowed to dump their garbage and rubbish on payment of a fee and where children frequently played and which was made especially attractive to children by the large number of sea gulls which congregate there by reason of the garbage dumped thereon; the attraction to the children caused by the sea gulls was known to defendant or should have been in the exercise of ordinary care; the burning of large quantities of combustible materials on the dump was so negligently conducted that live coals were covered with sand, dirt and ashes creating a concealed danger to persons who might walk on the dump, and causing a visual appearance of a public open beach, with no visible line of demarcation between the dump and the ocean beach; no walls, fences or other barriers, no signs or warning devices were maintained to warn children not to enter or cross the dump; the maintenance of such dump under the conditions described constituted a public and attractive nuisance.

That on September 8, 1951, plaintiff was 11 years of age; while playing with other children on the public ocean beach and trying to catch sea gulls then present in such numbers as would and did attract him, appellant walked upon said dump in pursuit of the sea gulls; his body suddenly sank through the sand, dirt and ashes and came in contact with the live coals then beneath the surface, causing serious and permanent injuries to plaintiff to his damage in the sum of $50,000. That on May 26, 1952 (8½ months after the accident), plaintiff filed his claim with the board of supervisors for damages ''in accordance with the provisions of Section of the of the State of California.'' Such claim was rejected on July 8, 1952. This action was filed September 8, 1952.

No essential allegation to a valid cause of action appears to have been omitted from the pleading except a declaration of the filing of the claim with the clerk of the board of supervisors within 90 days after the claimant had ''been injured as a result of the dangerous or defective condition of public property'' requirement of Government Code section 53052, whereas sections 29702 et seq. of the same code allow the claimant one year ''after the last item accrued.''

The difficulty encountered by the court below was the necessity of determining which statute provides the procedure for the filing of claims for torts against counties. Such problem results from the similarity of the contents of sections 53050 to 53056 to the provisions of sections 29702 and 29705 of the same code. Whereas the former trace their origin to the ''Public Liability Act'' of 1923, subsequently amended (Stats. 1931, p. 2475) and incorporated in 1949 as sections 53050 to 53056, the latter trace their origin to section 4075 of the Political Code. It was adopted in 1872 and allowed actions on contract to be filed against a county provided the claim for the debt be filed with the clerk of the board of supervisors within one year. With every legislative transfusion, it retained the proviso that the claimant might present his claim to the county auditor, or clerk of the board of supervisors within one year. But neither the Public Liability Act which was enacted to permit tort actions against local agencies, nor any of its successive statutes allowed longer than 90 days for a claim to be presented. Also, in 1949 when it was enacted as sections 53050 to 53053, Government Code, it provided that a tort action against a local agency was maintainable only when the claim for damages was presented

to the clerk of the board of supervisors within 90 days after the accident.

Appellant argues that both sets of code sections are valid but that the general claims statute of 1931 (Act 5149, Deering's Gen. Laws, now §§ 53050-53056) for all local agencies, allowing 90 days to file a claim, does not control the special claims statute (§§ 29700 et seq.) for counties, allowing one year. ▉ The first answer to that argument is that in his pleading he alleged that his ''Claim for Damages was filed under and in accordance with the provisions of Section of the of the State of California.'' Under the ancient rule of pleading that a doubtful allegation must be taken most strongly against the pleader, appellant must be deemed to have declared he filed his claim in accordance with section 53052* of the Government Code. In such event, he filed too late. He could not have alleged it was filed within 90 days after the accident; that would have been a factual untruth.

But we are not without specific guidance. In *Thompson* v. *County of Los Angeles*, 140 Cal.App. 73 [35 P.2d 185], the action was predicated on the defective condition of a county highway, but the claim was not presented within 90 days. The court held, contrary to that plaintiff's contention, that the particular provisions of an act, when applicable, are paramount to the general provisions of the codes. In other words, sections 53050 et seq. (a codification of Act 5149) are subsequent to sections 29070 and 29071 which ''do not specifically relate to the filing of claims for damages arising out of personal injuries caused by defective highways'' whereas sections 53050 et seq. are ''concerned particularly with such matters.'' Being subsequent to the enactment of sections 29070-29071, the procedure they prescribe must be followed in presenting a claim for damages arising from the tort of a county. (*Ibid*; *Kahrs* v. *County of Los Angeles*, 28 Cal.App.2d 46, 49 [82 P.2d 29]; *Cooper* v. *County of Butte*, 17 Cal.App.2d 43, 45 [61 P.2d 516].) Since appellant's action arose out of a defective condition of public property, he did not allege a valid cause of action by virtue of his failure to declare he had filed his claim for damages within 90 days after the accident.

---

*''When it is claimed that a person has been injured or property damaged as a result of the dangerous or defective condition of public property, a verified written claim for damages shall be filed with the clerk or secretary of the legislative body of the local agency within ninety days after the accident occurred.''

SECTIONS 29700 ET SEQ. NOT REPEALED

Appellant contends that if to hold this action falls under sections 53050 et seq., sections 29700 et seq. would effectually be nullified with reference to claims for a county's tortious acts. Not so. ▆ Sections 29700 et seq. provide a procedure for claims against counties arising under either contract or tort. The Public Liability Act (Gov. Code, §§ 53050 et seq.) deals only with tort liability of all local agencies, arising from negligence in the maintenance of dangerous or defective condition of public property. (*Dillard* v. *County of Kern,* 23 Cal.2d 271 [144 P.2d 365, 150 A.L.R. 1048].) ▆ Inasmuch as counties are agencies of the state, their functions are exclusively governmental. ▆ As such counties, they are protected by the doctrine of sovereign immunity. (*Dillwood* v. *Riecks,* 42 Cal.App. 602, 607 [184 P. 35].) By reason thereof, when the Legislature has enacted a statute authorizing actions against counties or other state agencies, such statutes have included procedural provisions, as in the case of the Public Liability Act. ▆ If a statute omits a claim-filing procedure as in the case of section 400 of the Vehicle Code, then the resort must be had to provisions of general law (§§ 29700 et seq.) for procedure. For illustration: as section 400, *supra,* contains no provision for filing tort claims, the procedure under sections 29700 et seq. must apply. (*Artukovich* v. *Astendorf,* 21 Cal.2d 329, 330 [131 P.2d 831]; *Dillard* v. *County of Kern, supra*; *Raynor* v. *City of Arcata,* 11 Cal.2d 113, 122 [77 P.2d 1054]; see 38 Cal. L.Rev. 259.)

▆ Compliance with the claims provisions of sections 53050 et seq. is the *sine qua non* to the maintenance of an action against a county for losses resulting by reason of dangerous or defective condition of public property. (*Young* v. *County of Ventura,* 39 Cal.App.2d 732, 738 [104 P.2d 102].) A delay of only one day to file his claim against the county defeated the plaintiff's action in *Gale* v. *County of Santa Barbara,* 118 Cal.App.2d 451, 452 [257 P.2d 1000].

Judgment affirmed.

McComb, J., and Fox, J., concurred.

A petition for a rehearing was denied March 8, 1954, and appellant's petition for a hearing by the Supreme Court was denied April 14, 1954.