[Civ. No. 5177.   Fourth Dist.   July 30, 1956.]

MORTON WILLIAMS, a Minor, etc., Appellant, v. SAN DIEGO UNIFIED SCHOOL DISTRICT, Respondent.

Huntington P. Bledsoe for Appellant.

James Don Keller, District Attorney, Carroll H. Smith, Deputy District Attorney, and McInnis, Hamilton & Fitzgerald for Respondent.

GRIFFIN, J.—Plaintiff and appellant, Morton Williams, (hereinafter referred to as plaintiff) through his guardian *ad litem* Martin Larson, brought this action on October 29, 1952, against defendant and respondent San Diego Unified School District, a governmental agency, alleging that on May 17, 1944, when plaintiff was 11 years old, and during one of the courses of study of medieval history at an elementary school class which he was attending, he was directed to jump on a board which had been so placed that when a rock was placed on the opposite end it would catapult and ·hurl the stone in the air; that in so doing the rock flew against plaintiff's face and destroyed the sight of his left eye. He then alleges that within the time required by law there was filed on behalf of plaintiff, with the secretary and clerk of defendant school district, a verified claim in reference to said accident and injury.

In a second cause of action he claims lack of proper supervision on the part of defendant's teacher and agents. In a third cause of action, he realleges all of the paragraphs contained in the first cause of action by reference, and alleges that within 92 days after May 17, 1944, a claim was filed, as indicated, but states that it was not filed within the required 90 days because plaintiff was wholly incapacitated physically and mentally, by reason of his said injuries, to file it within said 90 days. In a fourth cause of action there is a similar allegation as that contained in the third cause of action, and he alleges failure to file a claim within 90 days upon various grounds, indicating that plaintiff's mother had consulted a legal representative of defendant school district within the statutory period concerning the procedure to recover for the

plaintiff, and was informed and advised to place the matter of the claim in the hands of some attorney friend of said legal agent; that the mother did this, without the knowledge of plaintiff, and said friend filed a claim on the ninety-second day for only $10,000; that neither said defendant's agent nor his friend advised plaintiff's mother that said claim should be filed within 90 days after May 17, 1944, and neither plaintiff nor his mother knew of such requirement; and that, accordingly, defendant is estopped to assert the statute of limitation.

As a fifth cause of action, the provisions of the fourth cause of action are realleged by reference and it is therein claimed that defendant on August 29, 1944, denied the claim filed on the ground of lack of negligence on its part and at no time raised any objection to the statutory time limit, and accordingly the defendant waived the time limit imposed by law. Judgment for $92,500 is sought.

In a ruling on a demurrer and motion to strike, the court denied the motion to strike and overruled the demurrer to the first, second and third causes, and sustained the fourth and fifth claimed causes of action with permission to amend. No amendment was made and defendant answered the remaining causes of action, admitted certain allegations, and alleged that a claim was filed but not within the statutory period, and then denied, generally, the remaining allegations. A subsequent motion by defendant for judgment of dismissal was denied as to the fourth and fifth claimed causes of action. On a trial of the issues, the court rendered a memorandum opinion finding the district guilty of negligence, and that plaintiff was not guilty of contributory negligence as alleged; that it was admitted that the claim was filed 92 days after the injury, but since plaintiff was a minor and incapacitated for the entire 92 days, his strict compliance could be excused. It then stated that inasmuch as the claim thus filed was for only $10,000, the judgment would be in that sum. Thereafter, the court modified its memorandum opinion stating that a careful review of the evidence convinced him that the evidence would not support a finding that the boy had been unable, either physically or mentally, for 90 days to file a claim and that there was not sufficient evidence as to the conduct of defendant or its agents which would constitute an estoppel or waiver of the filing of the claim within the statutory period. With reluctance, the court accordingly directed findings and judgment in favor of defendant. Accordingly findings were signed and judgment was entered.

A motion was made by defendant to modify and correct the judgment by showing that plaintiff should take nothing on the first, second, and third causes of action, and as to the fourth and fifth causes they were dismissed for failure of plaintiff to amend after demurrers were sustained with leave to amend, and because no evidence was introduced on those causes of action. On June 22, 1955, the court amended the judgment accordingly. This appeal is from the judgment as thus amended.

The principal question presented involves the failure of plaintiff to file a claim within 90 days after the injury, as provided by section 1007 of the Education Code. One argument is that this section is not applicable to minors of the age of plaintiff. It has been held by a divided court that this fact in and of itself does not preclude the operation of the section. (*Artukovich* v. *Astendorf,* 21 Cal.2d 329 [131 P.2d 831] ; *Redlands etc. Sch. Dist.* v. *Superior Court,* 20 Cal.2d 348 [125 P.2d 490].)

It has been held, however, that upon a proper showing and because of a person's mental and physical incapacity during the prescribed period, such time may be extended during such incapacity. (*Schulstad* v. *City & County of San Francisco,* 74 Cal.App.2d 105 [168 P.2d 68].) The court found that plaintiff had not brought himself within the exception and held that the claim was not filed within the statutory period.

Evidence was taken upon the subject and it discloses, generally, that plaintiff was studying medieval history and the subject of the catapult, and was assigned the duty of going out into the school yard and erect a model or something of that nature with one other boy, and report to the class the results; that in testing it, as indicated, he injured his eye; that he was taken to a doctor and he could not see out of his eye; that on subsequent occasions, about twice a week, he was taken by his mother or father to the doctor's office for treatment; that while at home in the month of May, he was in bed and told to remain quiet; that in June and July his eye was bandaged and he was confined to his home, except when he went to the doctor's office; that in August the bandage was taken off intermittently, and he was allowed to stay on the porch for a limited time; that he went back to school on September 15, but was not permitted to take part in any sport. He testified he was ambulatory during this period, and could see out of his right eye; and that he was able to intelligently counsel with his parents.

Plaintiff's mother, by deposition, testified she and her husband immediately took the boy to the doctor and continued to drive him there during May, June, July and August; that about two and a half months after the accident she went to see the then attorney for the defendant, who referred her to another attorney; that she consulted this one and stated the case to him; that the boy was not present; that later, after several phone calls, she again called at the attorney's office and signed some paper he had prepared, and about two weeks later her husband received a letter from the school board dated August 31, 1944, denying the claim; that she then went to her attorney's office and inquired as to the reason, but she did not tell the boy about these proceedings. There was testimony that immediately after the accident it was reported to the principal. After the admission of this testimony the case was submitted on briefs. From this evidence it is clear that the trial court was justified in holding, as a factual question, that plaintiff, even considering his age, was not so physically or mentally incapacitated during the 90-day period as would authorize a tardy filing of the claim. (*Artukovich* v. *Astendorf, supra*; *Myers* v. *Hopland Union Elementary Sch. Dist.*, 6 Cal.App.2d 590 [44 P.2d 654]·; *Kline* v. *San Francisco Unified Sch. Dist.*, 40 Cal.App.2d 174 [104 P.2d 661, 105 P.2d 362]; *Slavin* v. *City of Glendale*, 97 Cal.App.2d 407 [217 P.2d 984].) The conclusion of a trier of fact from evidence or testimony that is reasonably susceptible of conflicting or opposing inferences will not be set aside by an appellate tribunal, and where different conclusions may reasonably be drawn by different minds the trial court's findings are not to be disturbed on appeal. (*Kelley* v. *Upshaw*, 39 Cal.2d 179 [246 P.2d 23]; *Potter* v. *Pacific Coast Lbr. Co.*, 37 Cal.2d 592 [234 P.2d 16].)

■ The finding that defendant was not estopped from asserting the defense that the claim was not filed within the statutory time is equally supported by the evidence. There was no sufficient showing made that by any conduct on the part of the defendant was plaintiff or his mother deceived by any advice given by it or its agent, or any wrong conduct such as was related in *Farrell* v. *County of Placer*, 23 Cal.2d 624 [145 P.2d 570, 153 A.L.R. 323], relied upon by plaintiff.

■ As to the fourth and fifth causes of action, even assuming (which we do not) that the facts related in the complaint would be sufficient to constitute an estoppel, or to hold that there was a substantial compliance with the statute, there was

no proof or offer of proof which the trial court rejected which would support these allegations. The record shows that plaintiff stood upon the allegations of the complaint and refused to amend. The court did not foreclose him from presenting evidence in support of it. In fact, the conduct of counsel for plaintiff indicated, to some extent, that he had abandoned this claim. In his opening statement on the issues to the trial judge he remarked as to these causes of action: "I think I can demonstrate that the ruling was erroneous, but I don't know whether we will even take that up or not. I don't think it will be necessary." Counsel for defendant then remarked ". . . as I understand it, we are here today to try three causes of action, and that is all. That is the only three that are in issue. THE COURT: On that statement of facts, I take it that we are down to three? MR. BLEDSOE: Yes, your Honor." We see no merit to the claim that the court was authorized to and should have given plaintiff judgment on these alleged causes of action. The amended judgment dismissing them was proper.

Judgment affirmed.

Barnard, P. J., and Mussell, J., concurred.

A petition for a rehearing was denied August 21, 1956, and appellant's petition for a hearing by the Supreme Court was denied September 25, 1956. Carter, J., and Traynor, J., were of the opinion that the petition should be granted.