[Civ. No. 5436.   Fourth Dist.   June 13, 1957.]

TONY BARAJAS et al., Respondents, v. SAN DIEGUITO HIGH SCHOOL DISTRICT et al., Appellants.

Luce, Forward, Kunzel & Scripps for Appellants.

William Murray Hill and Murry Luftig for Respondents.

BARNARD, P. J.—This is an action for damages based on a fall sustained by the minor plaintiff while pole vaulting on the grounds of the defendant school district during the lunch hour on May 3, 1954. After a trial without a jury the court made findings in favor of the plaintiffs and entered a judgment awarding them $3,178.91.

The defendants have appealed from the judgment on the sole ground that the evidence was insufficient to support one finding in which it was found "that plaintiffs have complied substantially with the provisions of Section 1007 of the Education Code." That section requires the filing of a verified claim with the secretary or clerk of the school district within 90 days after the accident, as a prerequisite to bringing such an action.

It appears from the evidence that the attorney for the plaintiffs prepared a claim entitled "Verified Claim for Damages," and setting forth the facts required by section 1007. This claim was signed by the father and mother of the minor plaintiff and by the father on behalf of the minor plaintiff. It was also sworn to by the father and mother, and by the father on behalf of the minor plaintiff, before a notary public on June 23, 1954. This verified claim will be referred to as the original claim. The attorney sent this original claim, with a purported copy thereof, to the sheriff of San Diego County for service. This copy of the claim was not signed by anyone and the typed verification thereon was not signed by any of the parties or by the notary public. The original claim was retained in the sheriff's office and the unsigned and unverified copy was sent to a deputy sheriff at Encinitas, who served it on the clerk of the school district on July 27, 1954. The sheriff then returned the original claim to plaintiffs' attorney, with a certificate of service stating that a copy of "Verified Claim For Damages" had been delivered to and left with the clerk of this school district on July 27. Aside from this unsigned and unverified copy of the claim no claim was presented to or filed with the secretary or clerk of this district within 90 days of the date of the accident. This action was brought on October 1, 1954. On October 19, the attorney for the plaintiffs again sent the original claim to the sheriff's office with instructions to serve that original on the clerk of the school board as soon as possible. It was received in the sheriff's office on October 20 and was delivered to the clerk of the school board on October 21, 1954. The original claim, with the certificate of service on July 27, and the unsigned and unverified copy which was served on July 27 were received in evidence and these exhibits

are now before us. The original claim is stamped on its face as received in the sheriff's office on July 23, 1954, and again as received in the sheriff's office on October 20, 1954.

The appellants contend that there was no evidence before the trial court that any verified claim was presented and filed with the clerk of this school district within 90 days, as required by section 1007 of the Education Code; that the evidence did not show a substantial compliance with that statute; and that the evidence was insufficient, as a matter of law, to support the court's finding that there had been a substantial compliance with the provisions of that section. The respondents contend that the record shows a substantial compliance with section 1007, and that the evidence supports the court's finding to that effect. It is argued that the object of this statute was met since the respondents had verified the claim within the 90-day period and thus placed themselves under the penalty of perjury, and since the receipt of the unsigned copy would enable the officers of the school district to investigate the merits of the claim and to settle it without the expense of a lawsuit if settlement appeared to be proper; that the original claim was sent to the sheriff within the required time and the unsigned copy was served by the sheriff within the prescribed time; that the evidence shows that the respondents made a reasonable attempt to comply with the law; and that there is no evidence of any intent to mislead the appellants or that the appellants were misled.

In support of their contention, that the evidence here was sufficient to show a substantial compliance with the statutory requirement that a verified claim must be presented and filed with the secretary or clerk of the school district within 90 days after the accident, the respondents cite *Sandstoe* v. *Atchison, T. & S.F. Ry. Co.*, 28 Cal.App.2d 215 [82 P.2d 216]; *Peters* v. *City & County of San Francisco*, 41 Cal.2d 419 [260 P.2d 55]; *Sayre* v. *El Dorado etc. School Dist.*, 97 Cal.App.2d 333 [217 P.2d 713]; and *Kelso* v. *Board of Education*, 42 Cal.App.2d 415 [109 P.2d 29]. In all of these cases it appears that a verified claim was filed with some officer of the city or district, or filed and called to the attention of the proper officer within time, or that no question with respect to the filing of a verified claim was raised. In these, and other cases, it has been held that a substantial compliance with the statute was sufficient where the question was as to whether the facts required by the statute were sufficiently stated, or whether the claim had been left with the proper officer of the public body involved. In no case

of which we are aware has it been held that the filing of an unverified claim constitutes a substantial compliance with the basic requirement of this statute.

In *Spencer* v. *City of Calipatria,* 9 Cal.App.2d 267 [49 P.2d 320], this court held that the filing of a verified claim is mandatory, that the filing of an unverified claim was ineffectual, and that the filing of an unverified claim is not a substantial compliance with the statute requiring that a verified claim be filed. It was there said: ''No right to bring such an action exists independent of statutory enactment and, in giving such a right, the legislature may prescribe the procedure and conditions under which it may be exercised. That such a claim must be verified is a reasonable provision which should not be held to be ineffectual and meaningless.'' This holding was approved and declared to be the law in *Douglass* v. *City of Los Angeles,* 5 Cal.2d 123 [53 P.2d 353]. In *Oda* v. *Elk Grove etc. School Dist.,* 61 Cal.App.2d 551 [143 P.2d 490], it was held that a similar statute requiring the filing of a verified claim as a condition of maintaining a suit for damages was mandatory; that the filing of an unverified claim was not a substantial compliance with the statute; and that the filing of an unverified claim could not be justified under section 3 of the Education Code, which provides that the provisions of that code are to be liberally construed. In *Erde* v. *City of Los Angeles,* 137 Cal.App.2d 175 [289 P.2d 884], it was held that the filing of a claim was not sufficient where the verified claim which was filed did not state the date of the accident although an unverified copy of the claim which was retained by the claimant did show such date. In *Hall* v. *City of Los Angeles,* 19 Cal.2d 198 [120 P.2d 13], where the claim failed to state the place where the accident occurred, it was held that there was an entire failure on the part of the plaintiff to comply with one of the mandates of the statute. The court there said: ''Substantial compliance cannot be predicated upon no compliance. A contrary holding would permit a claimant to bring suit against a city on the basis of a claim that included none of the information required by the statute if he offered to show that the city acquired the information independently of the claim. Such a holding would emasculate the statute.'' In *Knight* v. *City of Los Angeles,* 26 Cal.2d 764 [160 P.2d 779], in speaking of a number of cited cases, the court said: ''They proceed upon the theory that substantial compliance cannot be based upon an entire absence of one factor, . . .'' To the same effect, see *White-Satra* v. *City of Los Angeles,* 14 Cal.App.2d

688 [58 P.2d 933]. It would seem clear that the entire failure to comply with the basic requirement that a verified claim be filed within the time prescribed is a more serious defect than the failure to state one of the several facts required to be included in such a claim.

█ In the instant case, a verified claim was not presented to and filed with the clerk or secretary of the school district, or with anyone connected with the school district, until some 80 days after the statutory period had expired. The basic statutory requirement was not complied with and the evidence of what was done in an attempt to comply therewith is not sufficient to show a substantial compliance with the statute. While a verified claim was prepared in time it was not presented or filed as required by the statute. If the requirement for the filing of a *verified* claim, as a prerequisite to the maintaining of such an action, is to be dispensed with this should be done by the Legislature and not by the courts. The finding here complained of is not supported by the evidence.

The judgment is reversed.

Griffin, J., and Mussell, J., concurred.

A petition for a rehearing was denied July 3, 1957, and respondents' petition for a hearing by the Supreme Court was denied August 6, 1957. Carter, J., and Schauer, J., were of the opinion that the petition should be granted.