[Civ. No. 17859. First Dist., Div. One. Dec. 12, 1958.]

RICHARD GONCALVES, a Minor, etc., et al., Appellants, v. SAN FRANCISCO UNIFIED SCHOOL DISTRICT et al., Respondents.

---

W. A. Lahanier and John F. Gallen for Appellants.

Dion R. Holm, City Attorney, and George E. Baglin, Deputy City Attorney, for Respondents.

WOOD (Fred B.), J.—Judgment against plaintiffs was rendered upon the sustaining of general demurrers to a complaint in which Richard Goncalves, a minor, sought damages from the San Francisco Unified School District and its agent and employee Robert J. Polidori, allegedly caused by negligence in the placing of artificial guide poles or barriers in the street, incident to the conduct of student automobile driving lessons. He also claims damages from the city and county of San Francisco on the theory that the placing and maintenance of the guide poles and barriers created a dangerous condition. He was not a student driver. Operating a motor scooter, he ran into one of the barriers and then into the district's automobile. Richard's mother joined as a plaintiff, seeking recoupment of the cost to her of his medical and hospital care.

It appeared upon the face of the complaint that the accident occurred on May 15, 1956, but that claims were filed with the city and the district and served upon Polidori more than five months later, thus exceeding the 90-day limit pre-

scribed by law. (Ed. Code, § 1007; Gov. Code, §§ 1981 and 53052.)

█ Plaintiffs concede that timely filing of such a claim is a legal prerequisite to the maintenance of an action and that our Supreme Court has held the claim filing requirement applicable to a minor, citing *Artukovich* v. *Astendorf*, 21 Cal.2d 329 [131 P.2d 831]. They claim that that decision was against the majority rule as reflected by decisions of other states and not in accord with the social policy of this state. Those very contentions were considered and overruled in the Artukovich case. █ Moreover, it would not be our function as an intermediate court of appeal to undertake a reexamination of a Supreme Court decision with a view to enunciating and enforcing a different rule of law than the rule declared in that decision.

Plaintiffs make the further contention that by denying an application for a hearing in the later case of *Schulstad* v. *City & County of San Francisco*, 74 Cal.App.2d 105 [168 P.2d 68], the Supreme Court in effect modified the rule announced by it in the Artukovich case. Even if we might assume there could be a case in which the mere denial of a hearing after decision of a District Court of Appeal would operate as the disallowance and overruling by the Supreme Court of one of its own reasoned decisions, the Schulstad is not such a case. It involved a complaint which alleged that the plaintiff, an adult, was wholly incapacitated by his injuries from filing his claim against the city within the time limited therefor. That causative factor, chargeable to the defendant itself, was deemed a proper basis for lifting or tolling the statutory limitation, upon the analogy of the principal of estoppel recognized in *Farrell* v. *County of Placer*, 23 Cal.2d 624 [145 P.2d 570, 153 A.L.R. 323]. The court in the Schulstad case expressly limited its holding to cases "in which the plaintiff is rendered incapable of filing the claim in time by the tortious injury for which he seeks to recover." (P. 109 of 74 Cal.App.2d.) In our case no such factor is alleged. In the absence of such a factor the rule of the Artukovich case still obtains.* (*Albacck* v. *County of Santa Barbara* (1954),

---

*We note in passing that the earlier cases, such as the Artukovich case, interpreted claims-filing statutes which later were incorporated in the Education and the Government Codes respectively.

That was done without substantial textual change and with the intent of not effecting a change of meaning. (See Ed. Code, § 2; Gov. Code, § 2; *Ansell* v. *City of San Diego*, 35 Cal.2d 76, 78-79 [216 P.2d 455].)

123 Cal.App.2d 336 [226 P.2d 844], and *Williams* v. *San Diego etc. School Dist.* (1956), 143 Cal.App.2d 564 [299 P.2d 916]. Each involved an 11-year-old plaintiff and in each the Supreme Court denied a hearing after decision by the District Court of Appeal.)

Plaintiffs further contend that the claim-filing requirement is unconstitutional as applied to a minor. They say that imposing such a requirement upon a minor does not comport with their ideas of fair play and therefore violates due process. This is a question which apparently was not expressly presented to the Supreme Court in the Artukovich case but finds a ready answer in the rationale of the decision in that case: "The underlying principles upon which the authorities are based are (1) that neither the state nor any of its political subdivisions may be sued in the absence of specific statutory permission; (2) that where a right of action against the state or any of its political subdivisions is created by statute, such right may be circumscribed by any conditions that the Legislature may see fit to impose; and (3) that when the Legislature enacts a mandatory provision requiring in general terms that all claims must be presented before any action may be brought thereon, compliance with such condition is an indispensable prerequisite to the bringing of any such action by any person, regardless of his age or his physical or mental condition." (Pp. 331-332 of 21 Cal.2d.)

In overruling a contention that a 90-day claim-filing requirement was a denial of due process, the court in *Young* v. *County of Ventura,* 39 Cal.App.2d 732, 738 [104 P.2d 102], said: "The legislature has furnished due process to them [the plaintiffs] but they did not avail themselves of it." In that case, the plaintiffs were contending that the requirement of filing a claim was unconstitutional as depriving them of their constitutional rights to compensation for property damaged or taken for public use. The court held that the claim requirement did not deprive them of any right, but only provided a procedure for enforcement of that right, a procedure of which plaintiffs declined to avail themselves. The Young case was followed in *Huffaker* v. *Decker,* 77 Cal.App.2d 383, 389 [175 P.2d 254], and both were approved in *Veriddo* v. *Renaud,* 35 Cal.2d 263, 265-266 [217 P.2d 647]. These decisions indicate that the application of claims statutes to adults, with or with-

out full possession of their faculties, is consonant with due process. The same reasoning applies to minors.

The judgment is affirmed.

Peters, P. J., and Bray, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied February 4, 1959. Carter, J., was of the opinion that the petition should be granted.