[Civ. No. 23597.   Second Dist., Div. Three.   Aug. 19, 1959.]

HARDEN WARREN ALLEN, JR., a Minor, etc., Appellant, v. LOS ANGELES CITY BOARD OF EDUCATION et al., Respondents.

Vaughn & Morrow for Appellant.

Veatch, Thomas & Carlson and Henry F. Walker for Respondents.

SHINN, P. J.—Appeal by the minor plaintiff from an adverse judgment in an action for damages against the Los Angeles City Board of Education and its employee J. C. Irby, in which defendants are charged with negligence. It was alleged in the complaint that the defendant board of education was and is a duly organized and existing school district; this allegation was denied in the answer of the defendants.

The questions on the present appeal are whether a claim was required to be filed by or on behalf of the minor junior high school student for injuries sustained during a school recreational activity upon premises maintained by the board and, if so, whether defendants were estopped to take advantage of the failure to file a claim. No claim was filed.

Section 1007 of the Education Code provides that a verified claim must be filed with the secretary or clerk of a school district within 90 days after the accident has occurred and it specifies what the claim shall contain. Other relevant provisions are found in sections 1980, 1981, 2003, 53050, 53051, 53052 and 53053 of the Government Code. It is sufficient to say that the requirement for filing claims applies to pupils in the public schools and to claims against school districts or their employees. Minor claimants are not excepted.

The 12-year-old plaintiff was engaged with many other pupils in a school recreational activity, under the supervision of employees of the board, among them the defendant Irby. He was retrieving arrows from a bank when he was injured by a rock dislodged by another pupil.

Plaintiff's injuries were sustained March 3, 1956; the present action was commenced April 30, 1957.

At the trial, upon stipulation, evidence was received pertaining to the special defense that no claim had been filed, and to plaintiff's contentions that the filing of a claim was not required and, in the alternative, that facts alleged in the complaint, which he sought to prove, created an estoppel of defendants to rely upon his failure to file a claim. Trial of other issues was deferred. Findings were waived.

The judgment implies that the court found there was no estoppel. The witnesses were plaintiff's mother, Annie Ruth Allen, George R. Coan, an attorney, and Hugh A. Kelley, an

investigator and adjuster for the insurance carrier of the school district. Kelley testified that he went to the Allen home about two weeks after the accident and told Mrs. Allen that he was investigating the accident and would recontact her in a week or so; he left a blank medical report form with a return envelope; shortly afterwards Mrs. Allen called him to request another form, stating that a dog had chewed up the first one. He sent another form, which was not returned to him. About two weeks later he went again to the Allen home and left his card. Mrs. Allen called him on the following day and when he asked for the medical report she told him she had retained an attorney named Coan. He called Mr. Coan's office and left his name and number; a day or so thereafter Mr. Coan returned the call and told Kelley that he was representing the Allens, that he was very busy on another case and had not had time to go into the case in detail or obtain a list of the special damages but would obtain the same and call back. About June 20th Coan called Kelley, stated that he had a list of the special damages and asked how much would be offered in settlement; Kelley told him no claim had been filed and no settlement could be made. Coan asked "Do you have to file a claim in this type of action" to which Kelley replied that such was his understanding.

Mrs. Allen testified that Mr. Kelley said in effect that "they would be willing to pay the medical bill." She said she thought it should be more than that. She also testified that Irby came to the Allen home several times and told Mr. and Mrs. Allen that he had contacted Mr. Kelley who told him that "they were willing to pay, for me not to worry about it and he was pretty sure that they would." Mrs. Allen also testified that she discussed the matter with Mr. Coan but did not employ him. Mr. Coan testified that he had a vague recollection of Mrs. Allen's discussing her son's accident but that he had no recollection of having done anything about it or discussing it with any representative of the insurer.

When questioned whether he had made the statement attributed to him by Irby, Kelley answered that he did not recall having made the statement. Kelley did, however, deny that he at any time told Mrs. Allen that the claim would be recognized or that anything would be paid; he told her an investigation was being made and if it showed fault on the part of the school they would be willing to negotiate; he did not tell her they would be willing to pay the medical bills nor did he discuss with her the filing of a claim. The failure of plaintiff to call Mr. Irby warranted the court in presuming

that if he had been called his testimony with respect to his relaying a message from Kelley to Mrs. Allen would have been unfavorable to plaintiff. (*Gonzalez* v. *Southern Pacific Co.,* 157 Cal.App.2d 733 [321 P.2d 865].)

We shall notice first plaintiff's contention that he was excused by reason of his minority from filing a claim. The case law is to the contrary. As we have stated, the statutes do not exclude minors from the duty to file claims and the courts have consistently declined to hold that an exception should be read into them. (*Artukovich* v. *Astendorf,* 21 Cal. 2d 329 [131 P.2d 831]; *Albaeck* v. *County of Santa Barbara,* 123 Cal.App.2d 336 [266 P.2d 844]; *Williams* v. *San Diego etc. School Dist.,* 143 Cal.App.2d 564 [299 P.2d 916]; *Goncalves* v. *San Francisco Unified School Dist.,* 166 Cal.App.2d 87 [332 P.2d 713].)

We digress here to remark that relaxation of the responsibilities of minors with respect to filing claims in the future is provided for in recently enacted Assembly Bill Number 405, chapter 1724, 1959 Legislative Session. It converts into law the January, 1959, recommendations of the California Law Revision commission respecting the filing of claims against public entities, which were based largely upon the accompanying comprehensive study and report of Professor Arvo Van Alstyne.

The second point is that since the defendants had full knowledge of plaintiff's injuries and were investigating the claim, no purpose would have been served by filing a claim containing information already possessed by the defendants, hence none need have been filed. This contention was considered and held untenable in *Hall* v. *City of Los Angeles,* 19 Cal.2d 198, 202 [120 P.2d 13], *Eppstein* v. *City of Berkeley,* 52 Cal.App.2d 395 [126 P.2d 365], and *Barajas* v. *San Dieguito etc. School Dist.,* 151 Cal.App.2d 709 [312 P.2d 282].

The final contention is that facts were established which created an estoppel of the defendants to urge as a defense the failure to file a claim. We cannot agree.

Under settled rules this court must presume that the trial court found the facts with respect to the interviews between Mr. Kelley and Mrs. Allen in accordance with the testimony of the former. As the court impliedly found upon sufficient evidence that Kelley made no representation with respect to an intention on the part of his company or the board to pay anything, that he did not suggest that the parents need not consult an attorney, and that he said nothing to encourage

them to believe that a settlement would be made, there was no foundation for the contention that defendants or either of them were estopped to defend upon the ground that no claim was filed. Such are the facts which we must accept as the findings of the trial court. ■ Kelley had no duty to inform Mrs. Allen that it was necessary to file a claim. (*Cruise* v. *City & County of San Francisco,* 101 Cal.App.2d 558, 564 [225 P.2d 988].) There was no estoppel. (*Kirchmann* v. *City of Anaheim,* 137 Cal.App.2d 216 [289 P.2d 817]; *Williams* v. *San Diego etc. School Dist., supra,* 143 Cal.App.2d 564.)

The defendants maintain that the fact that no claim was filed precludes plaintiff from urging estoppel to rely upon his failure to comply with the statutory procedure. Inasmuch as we have held the claim of estoppel to be groundless in fact there is no necessity for a consideration of other reasons urged for affirmance of the judgment.

The judgment is affirmed.

Wood (Parker), J., concurred.

VALLEE, J.—I concur in the judgment. I am in agreement with the views expressed by the late Mr. Justice Carter in his dissent and those expressed by former Mr. Justice Edmonds in his dissent, which was concurred in by Mr. Justice Traynor, in *Artukovich* v. *Astendorf,* 21 Cal.2d 329, 336, 340 [131 P.2d 831]. Holdings which say that a 1-year-old child must file a claim are to my mind unsound. That is what the decisions hold. However, as a member of an intermediate reviewing court, I am bound by the decision of the majority of the Supreme Court in the Artukovich case and for that reason alone I concur in the judgment. Fortunately, the Legislature, at the last session, in some measure has remedied the condition, but the new legislation does not apply to claims relating to causes of action which accrue prior to its effective date.