[Civ. No. 18658.    First Dist., Div. One.    Jan. 22, 1960.]

LARRY WAYNE PRICE, a Minor, etc., Appellant, v. THE MOUNT DIABLO UNIFIED SCHOOL DISTRICT, Respondent.

Bird & Bortin and David N. Bortin for Appellant.

Schofield & Cunningham for Respondent.

DEVINE, J. pro tem.*—This is an appeal from a judgment for defendant upon an order sustaining a demurrer without

*Assigned by Chairman of Judicial Council.

leave to amend. The demurrer was sustained solely on the ground that the third amended complaint showed on its face that a claim had not been filed against the defendant within the statutory time.

Plaintiff was a 17-year-old student enrolled with defendant school district when he suffered an accident in the wrestling class on October 12, 1956. In the complaint he alleges, by his guardian *ad litem,* that the physical education instructor, defendant's employee, was negligent in directing plaintiff, without giving him proper instruction, to wrestle with another student, and in failing to supervise the wrestling, and that as a result, he suffered a broken leg. He alleges that further injury was caused on the same date by defendant's negligence in moving plaintiff to a sitting position in an automobile, as a result of which a nerve was severed, and he alleges that he has suffered a permanently crippled foot.

The allegations in respect to the claim are these: As a proximate result of the negligence aforesaid, and of the injury, plaintiff was wholly incapacitated from presenting a claim until on or about November 5, 1956. On January 11, 1957, he alleges that he did file a claim in writing with defendant's secretary. This was 67 days after the cessation of total physical disability and 91 days after the accident. He alleges that this was within a ''reasonable time'' of his recovery from incapability of filing.

The applicable law in effect at the time of the accident and at the time of filing of the claim was section 1007 of the Education Code. This section, which is the one imposing liability on the governing board of any school district for injury arising because of negligence, required a claim to be filed within 90 days after the accident had occurred. Thus, plaintiff was one day late. It should be mentioned that counsel was not consulted until two hours before the claim was filed.

In 1959, the Legislature enacted several amendments to the Government Code relating to claims against local public entities, including school districts. The last day for presenting claims for physical injury is the hundredth day from the accrual of the cause of action, section 715 of the Government Code. However, by the terms of section 716 of the same code, the superior court may, upon petition filed within a reasonable time after the period set in section 715, not to exceed one year, grant leave to file a claim, provided the entity will not be unduly prejudiced, and provided that the claimant was a minor during all of the time specified in section 715, or was

physically or mentally incapacitated during all of that time and by reason of the disability, failed to file a claim. The code does not declare that section 716 is retrospective, in any way, and, in any case, the one-year limit for petitioning the court would bar plaintiff's claim.

We must decide the case under the law as it existed prior to September 18, 1959, the effective date of the amendments to the Government Code. Before that date, the applicable statute was section 1007 of the Education Code, referred to above.

The fact that the claimant is a minor was not material under the law as it existed before the amendments to the Government Code, because the Legislature, in granting permission to sue any of its political subdivisions, could limit the permission, and did so by the absolute claims requirement, which did not exempt minors. (*Artukovich* v. *Astendorf*, 21 Cal.2d 329, 338 [131 P.2d 831]; *Allen* v. *Los Angeles City Board of Education*, 173 Cal.App.2d 126 [343 P.2d 170]; *Goncalves* v. *San Francisco Unified School Dist.*, 166 Cal.App.2d 87 [332 P.2d 713]; *Williams* v. *San Diego etc. School Dist.*, 143 Cal. App.2d 564 [299 P.2d 916].)

Nor does the fact that the claim is but one day late help the plaintiff. (*Gale* v. *County of Santa Barbara*, 118 Cal. App.2d 451 [257 P.2d 1000].)

Appellant relies chiefly on what he claims to be an exception to the absolute requirement of timely filing of a claim, namely, the holding of *Schulstad* v. *City & County of San Francisco*, 74 Cal.App.2d 105 [168 P.2d 68]. In the Schulstad case, plaintiff, an adult, alleged he was struck by a municipal bus and was rendered mentally incompetent for a period exceeding the time allowed for the filing of claims, and until the date on which the claim was filed. Thus, at one blow defendant created the cause of action and extinguished the possibility of maintaining it, if there were no escape from the statute. The court reversed a judgment based on an order sustaining a demurrer without leave to amend, on a theory akin to estoppel, namely, that no one can take advantage of his own wrong.

The causative factor is missing in our case. Plaintiff's first disability, minority, was not caused by the school district, and his second disability, physical incapacity to file the claim (even if it included mental incompetency for the same period as the physical incapacity, as plaintiff's counsel suggests he could allege), came to an end some 67 days before the claim was filed.

In the Schulstad case, the court carefully limited its holding to the particular situation at hand, in order to prevent conflict with the holding of *Artukovich* v. *Astendorf, supra,* 21 Cal.2d 329. The distinction between the Schulstad case and that of a minor was pointed out in *Goncalves* v. *San Francisco Unified School Dist., supra,* 166 Cal.App.2d 87.

The judgment is affirmed.

Tobriner, Acting P. J., and Duniway, J., concurred.