[Civ. No. 21221. First Dist., Div. Two. Feb. 13, 1964.]

JAMES R. McGRANAHAN, a Minor, etc., Plaintiff and Appellant, v. RIO VISTA JOINT UNION HIGH SCHOOL DISTRICT, Defendant and Respondent.

T. N. Petersen and Keith C. King for Plaintiff and Appellant.

Dunnell, Herbert & Dunnell and F. Richard Lucas for Defendant and Respondent.

TAYLOR, J.—On this appeal from a summary judgment in favor of the defendant, the principal question involves the failure of the plaintiff to file a claim within 90 days after the injury as required by former section 1007[1] of the Education Code.

Plaintiff and appellant, James R. McGranahan (hereafter referred to as plaintiff), through his guardian *ad litem*, A. L. McGranahan, brought this action on September 30, 1959, against defendant and respondent, the Rio Vista Joint Union High School District of Solano County (hereafter referred to as district). The first cause of action alleged that on December 19, 1958, because of negligent supervision by the district's teachers and agents, the plaintiff, who was then 14 years old, was hit in his right eye by a wallet during a class; that as the result of this injury, the plaintiff suffered growths and cataracts, was hospitalized for surgery from January 5 to January 16, June 3 to June 12, 1959, and again in August 1959, when his eye was removed; and that as a result of the injury, plaintiff was physically unable to consult with his parents. The second cause of action alleged that the representatives of the district advised the plaintiff's par-

---

[1]As the cause of action arose before the 1959 amendments (Stats. 1959, ch. 1727, effective September 18, 1959) to the statute, all citations are to the prior code section. The statute which had not been amended since the 1943 codification provided: "The governing board of any school district is liable as such in the name of the district for any judgment against the district on account of injury to person or property arising because of the negligence of the district, or its officers, or employees in any case where a verified claim for damages has been presented in writing and filed with the secretary or clerk of the school district within ninety (90) days after the accident has occurred. The claim shall specify the name and address of the claimant, the date and place of the accident, and the extent of the injuries or damages received." (1952 Ed. Code Ann.)

ents that the school was insured and would take care of everything, and that in reliance on these representations, the plaintiff and his father did not contact an attorney until June 1959, nor file a verified claim for damages for personal injuries with the school district until June 19, 1959. The district's motion for a summary judgment was sustained on the ground that the plaintiff failed to file a claim for damages within 90 days after the occurrence of the accident as then required by section 1007 of the Education Code, and sections 53051 and 53052 of the Government Code.

Plaintiff argues that the trial court erred in granting the summary judgment as the affidavits presented triable issues of fact on the following questions: 1) substantial compliance with the statutory notice requirement; 2) estoppel and waiver by the district and its agents; and 3) excuse from strict adherence to the statute due to minority and incapacity resulting from the injury.

A summary judgment will stand if the movant's affidavits state facts sufficient to sustain a judgment and the counteraffidavits do not proffer competent and sufficient evidence to present a triable issue of fact (*deEcheguren* v. *deEcheguren*, 210 Cal.App.2d 141 [26 Cal.Rptr. 562]). The procedure is drastic and should be used with caution in order that it may not become a substitute for existing methods of determination of issues of fact (*Hatch* v. *Bush*, 215 Cal.App.2d 692, 701-702 [30 Cal.Rptr. 397]). Affidavits of the moving party must be strictly construed and those of his opponent liberally construed. The opposing affidavit must be accepted as true, and need not be composed wholly of strictly evidentiary facts (*Eagle Oil & Ref. Co.* v. *Prentice*, 19 Cal.2d 553, 556 [122 P.2d 264]). The issue to be determined by the trial court in consideration of a motion for summary judgment is whether or not any facts have been presented which give rise to a triable issue or defense, and not to pass upon or determine the true facts in the case (*Nini* v. *Culberg*, 183 Cal.App.2d 657 at p. 661 [7 Cal.Rptr. 146]). Any doubts are to be resolved against the moving party (*Family Service Agency of Santa Barbara* v. *Ames*, 166 Cal.App.2d 344, 351 [333 P.2d 142]). The facts in the affidavits shall be set forth with particularity. The movant's affidavit must state all of the requisite evidentiary facts and not merely the ultimate facts or conclusions of law or conclusions of fact (Code Civ. Proc., § 437c). We look at the affidavits in the light of these rules.

The moving affidavit of defense counsel Herbert stated as follows: Shortly after the accident, plaintiff's father corresponded with Mr. Hale, the district superintendent and principal of the school, about the California Interscholastic Federation Protective Fund, the district's insurance program, offering medical payments to school children injured upon the school grounds. Plaintiff's father sought no legal advice within the 90-day claim period but did receive assurance from Mr. Hale that the C.I.F.P.F. program would take care of the medical bills. There was no discussion with Mr. Hale about an action for general damages against the district. Sometime in January, the plaintiff returned to school and "got along all right" although his grades were not as high as before the accident. Mr. Hale advised plaintiff's father to write to the school board concerning the accident. The plaintiff's mother in her deposition stated that after the expiration of the 90-day period (March 19), she had conversations with Mr. Hale and the school nurse, Mrs. Babicky, but later corrected her deposition to state that some such conversations had occurred before the expiration of the statutory period; that Mrs. Babicky did not advise her to see an attorney but told her that the school district was not very interested in plaintiff's condition and was eager for the statutory period to expire and advised her that if she filed suit, she would have to file a claim within 90 days. The plaintiff's parents did not consider making a claim for general damages against the school district until some time in the late spring of 1959 when it became apparent that there would have to be additional surgery to remove the injured eye.

Mr. Hale's affidavit alleged that at no time during the period of 90 days after the accident did anyone in the school district enter into any discussions whatsoever with the plaintiff or his parents concerning any claim for general damages, that his only discussions with any member of the plaintiff's family were in connection with the C.I.F.P.F. insurance coverage and that the first knowledge the school district or any of its agents had of the plaintiff's claim for general damages was the letter from the plaintiff's attorney dated June 18, 1959, to the board of trustees of the district.

The counteraffidavit of plaintiff's father did not contradict any of the above facts and in addition stated that the full nature and extent of the plaintiff's injuries were not known to his doctors and parents until late in the spring of 1959, more than 90 days after the injury, and that within the 90-day period, plaintiff's parents understood that the dis-

trict's C.I.F.P.F. insurance would pay for the injuries and were never informed that they should file a claim with the school district. Plaintiff's mother in her counteraffidavit corrects her deposition to make it clear that she was not informed by the agents of the school prior to the expiration of 90 days from the date of the accident concerning the necessity of filing a claim.

The 1959 amendments to the claim statutes[2] are not retroactive, and this case must be decided under the law existing prior thereto. (*Price* v. *Mt. Diablo Unified School Dist.*, 177 Cal.App.2d 312, 314 [2 Cal.Rptr. 23].)

■ The plaintiff concedes that no formal claim as prescribed by Education Code section 1007 was addressed to the district within the 90-day period, but contends that the various school reports concerning the incident, his father's letter to the C.I.F. Protective Fund, a copy of which was sent to Mr. Hale of the school district, and the written claim filed with the protective fund contained all information required by the district for investigation and possible settlement and thus constituted substantial compliance. The courts have not always required strict compliance where a defective notice clearly apprises the public agency of essential information (*Peters* v. *City & County of San Francisco*, 41 Cal.2d 419 [260 P.2d 55]; *Silva* v. *County of Fresno*, 63 Cal.App.2d 253 [146 P.2d 520]; *Cooper* v. *County of Butte*, 17 Cal.App.2d 43 [61 P.2d 516]; *Sheeley* v. *City of Santa Clara*, 215 Cal.App. 2d 83 [30 Cal.Rptr. 121], but the cases so holding have involved actual attempts to comply with the statutory requirements. Typical examples are improper verifications, unclear descriptions of the place of the accident, or filing with the wrong county agency. Here, not only was there a failure to file any claim but the affidavits indicate that the plaintiff had no intention of holding the district for general damages until the boy's injury worsened, long after the 90-day period expired. Under these circumstances, the doctrine of substantial compliance is not applicable.

■ The plaintiff next cites *Farrell* v. *County of Placer*, 23 Cal.2d 624 [145 P.2d 570, 153 A.L.R. 323], and *Cruise* v. *City & County of San Francisco*, 101 Cal.App.2d 558 [225

[2]Sections 715 and 716 of the Government Code now provide that a claim must be filed within 100 days of the injury, and in the case of minors, the court may extend the time of filing for a period not to exceed one year. Former section 1007 of the Education Code was repealed and in modified form reenacted as section 903 of the Education Code of 1959 (Stats. 1959, ch. 1727).

P.2d 988], and contends that the district is estopped by the conduct of its agents from insisting that the claim be filed within the statutory time. These cases liberalize the law relating to the timely filing of claims where the public agency has been furnished essential information for investigation and settlement and where the elements of equitable estoppel are applicable. In *Farrell*, the defendant's agent had deliberately told the plaintiff not to employ counsel and in *Cruise*, the defendant's agent told the plaintiff they would settle her claim if she would fill out certain informal documents not amounting to the required verified notice. The affidavits disclose that no such advice was offered nor representation made to the plaintiff in the instant case nor is our situation comparable to that in *Dettamanti* v. *Lompoc Union School Dist.*, 143 Cal.App.2d 715 [300 P.2d 78], where the lawyer contacted by the plaintiff also represented the public agency.

Plaintiff's mother in her counteraffidavit avers that the school district nurse, Mrs. Babicky, did not inform her of the 90-day requirement until after the time had elapsed. The district was not required to tell the plaintiff to seek an attorney or to file a claim (*Cruise* v. *City & County of San Francisco, supra*). ▪ In the absence of a duty to speak (*Bruce* v. *Jefferson Union High School Dist.*, 210 Cal.App.2d 632 [26 Cal.Rptr. 762]), silence alone will not create an estoppel (*Arp* v. *Blake*, 78 Cal.App. 713 [248 P. 750]).

▪ When a plaintiff's cause of action depends on an estoppel, he must prove all of the required elements (*Judelson* v. *American Metal Bearing Co.*, 89 Cal.App.2d 256 [200 P.2d 836]). They consist of false statements or concealments, or conduct amounting thereto, with reference to the transaction, made by one who had actual or virtual knowledge of the facts, to another who is ignorant of the truth, with the intention, resulting in consummation, that the other should act on such statements, concealments or equivalent conduct (*Bruce* v. *Jefferson High School Dist., supra; Cruise* v. *City & County of San Francisco, supra*). ▪ Here, the correspondence between the parties was only concerned with the C.I.F. Protective Fund benefits. It is undisputed that plaintiff's parents had no intention to sue the district for general damages until the injury became critical long after the claims period had expired. There is nothing in the affidavits to remotely show that the district concealed anything or made any misrepresentations to the plaintiff or that the plaintiff relied thereon to his detriment, or which would

permit an inference suggesting estoppel as a triable issue of fact (*Bear Creek Co.* v. *James,* 115 Cal.App.2d 725, 732 [252 P.2d 723]).

The plaintiff argues he is excused from compliance with the statute because of minority and physical and mental disability suffered during the 90-day period. Minority does not constitute an excuse for noncompliance in this state where the accident occurred prior to the 1959 amendments of the claims statute (*Artukovich* v. *Astendorf,* 21 Cal.2d 329 [131 P.2d 831]; *Price* v. *Mt. Diablo Unified School Dist., supra*; *Allen* v. *Los Angeles City Board of Education,* 173 Cal.App.2d 126 [343 P.2d 170]; *Goncalves* v. *San Francisco Unified School Dist.,* 166 Cal.App.2d 87 [332 P.2d 713]; *Williams* v. *San Diego etc. School Dist.,* 143 Cal. App.2d 564 [299 P.2d 916]). Plaintiff's counter-affidavits do not allege a sufficient mental or physical disability, and deficiencies therein cannot be supplied by a resort to the pleadings. (*Maltby* v. *Shook,* 131 Cal.App.2d 349 [280 P.2d 541].) The affidavits show that plaintiff was able to return to his school classes and do the required work about a month after the accident. As pointed out by Mr. Justice Devine in *Price* v. *Mt. Diablo Unified School Dist., supra,* mental and physical incapacity have been held not to be an excuse for late compliance under the claims statute (prior to the 1959 amendments), except in the peculiar circumstances of *Schulstad* v. *City & County of San Francisco,* 74 Cal.App. 2d 105 [168 P.2d 68], where the plaintiff, an adult, suffered total mental incapacity during the entire statutory period.

We conclude that the motion for summary judgment was properly granted. The judgment is affirmed.

Shoemaker, P. J., and Agee, J., concurred.

A petition for a rehearing was denied March 11, 1964, and appellant's petition for a hearing by the Supreme Court was denied April 8, 1964.