[S. F. No. 1271.   In Bank. — April 30, 1901.]

## HANNA ROGERS et al., Respondents, v. MANUEL S. DE CAMBRA et al., Appellants.

EJECTMENT — PATENT — DECISION OF UNITED STATES LAND DEPARTMENT — CONCLUSIVENESS — COLLATERAL ATTACK. — In an action of ejectment based upon a patent from the United States, the final decision of the United States land department, made upon a contest between the plaintiffs and one of the defendants as to the right to the patent, which it had jurisdiction to issue, is as conclusive between the parties as the judgment of a court, and cannot be collaterally assailed by such defendant.

ID. — INSUFFICIENT CROSS-COMPLAINT — EVIDENCE NOT CONSIDERED BY SECRETARY OF INTERIOR — ACTION OF CLERKS. — A cross-complaint by such defendant, alleging that upon the contest between plaintiffs and the defendant as to the right to the patent issued to plaintiffs, the commissioner of the land-office decided in favor of the cross-complainant, and that the cross-complainant is informed and believes that upon appeal by plaintiffs to the Secretary of the Interior, such Secretary did not read the evidence submitted, and that his decision awarding the patent to the plaintiffs was prepared by subordinate clerks, and signed by such Secretary without proper consideration of the case, is insufficient to entitle the cross-complainant to any relief.

ID. — DELEGATION OF JUDICIAL ACTION — PRESUMPTION — PLEADING — STATEMENTS UPON INFORMATION AND BELIEF. — The judicial action of the officers of the land department, entitled to decide a contest, cannot be delegated; but the law presumes that they have discharged their duties, and this presumption cannot be overcome by loose statements in the cross-complaint, made merely upon information and belief.

APPEAL from a judgment of the Superior Court of Alameda County and from an order sustaining a demurrer to a cross-complaint.   S. P. Hall, Judge.

The facts are stated in the opinion of the court.

B. B. Newman, for Appellants.

J. E. McElroy, and C. C. Hamilton, for Respondents.

VAN DYKE, J. — Upon the hearing of this case in Department One, the following opinion was therein rendered, to wit: —

"This is an action in ejectment.    In addition to the answers
of defendants, the defendant Manuel S. De Cambra filed a
cross-complaint.    A demurrer to this cross-complaint having
been sustained, the action was tried upon the complaint and
the answers thereto in the nature of denials.    The plaintiffs
offered in evidence a patent from the government of the United
States, running to Enos J. Rogers, his heirs and assigns for-
ever, conveying the property described in the complaint; also,
testimony showing that plaintiffs are the heirs of the said
patentee, who had previously died, Hanna Rogers being the
widow, and Frank J. Rogers the son, of said deceased.    Defend-
ants De Cambra declined to submit any evidence on their part,
but admitted possession of ninety acres of the land described
in the complaint.

"The main point made on the part of the appellants is, that
the court below erred in sustaining the demurrer to the cross-
complaint.    The cross-complaint was quite voluminous, cover-
ing twenty-three pages of the printed transcript, but the sub-
stance of it may be very much condensed.    It is alleged that
Enos J. Rogers, *alias* Ignatio Farpelha, in 1871 bought an un-
divided half interest in a tract of land of 450 acres from the
appellant Manuel S. De Cambra, which tract at the time was
claimed to be within a private Mexican grant; that by the
final survey of said grant in 1878, a portion thereof, including
the premises in controversy, was restored to the United States
as public lands; that it was agreed between said Rogers and
the said De Cambra that they should make application respect-
ively for certain subdivisions thereof as public lands accord-
ing to the United States survey; that said De Cambra could
not read or write; that in filing their notices of pre-emption
claims, Rogers, who, it is alleged, acted for both, filed on the
claim which it had formerly been agreed that De Cambra
should have.    But it is further alleged that after De Cambra
discovered the mistake in 1883, he retained counsel, and had a
true pre-emption notice and claim prepared and filed for the
portion of the claim which it is alleged he was entitled to un-
der the agreement; and that Hanna Rogers, the widow of said
Enos J. Rogers, who had in the mean time died, also filed a
pre-emption notice; that a contest came on between the plain-
tiffs, as heirs of said Enos J. Rogers, and the defendant Man-
uel S. De Cambra, before the registrar and receiver of the
United States land-office, in April, 1884, and thereafter, in

December, 1884, the said registrar and receiver awarded the land to the Central Pacific Railroad Company. Upon appeal, the commissioner of the general land-office reversed said decision, and ordered the registrar and receiver to take further evidence on behalf of the appellants; that further evidence was thereupon taken, and in November, 1890, the registrar and receiver reversed their decision, and awarded the said lot to the heirs of said Enos J. Rogers; that upon appeal to the commissioner of the general land-office, said commissioner awarded to said appellant Manuel S. De Cambra one half of all the land and premises described in the complaint; that upon appeal to the Secretary of the Interior, a decision was therein rendered in favor of the respondents, Hanna Rogers and Frank J. Rogers, as the heirs of said Enos J. Rogers, deceased, upon which decision of the Secretary of the Interior a patent was subsequently issued. But it is alleged in the said cross-complaint that the appeal therein taken by the respondents was not within time; and said defendant, in his cross-complaint, further, 'upon and according to his information and belief, charges and alleges the truth and the fact to be (without any intention whatever to offer or to mean any sort of disrespect to the said Secretary of the Interior, Hon. Hoke Smith) that he never read a word of the evidence submitted to him, said Secretary, on said appeal, by the plaintiff in this cross-complaint, nor upon said appeal of said Hanna Rogers and Frank J. Rogers, but that subordinates, to wit, clerks employed by the government of the United States, in the said Department of the Interior, constructed, on the said ninth day of October, 1894, on said two appeals, the said decision therein, and procured the said Secretary, Hon. Hoke Smith, merely to put and sign his name to it, which he did without reading, studying, weighing, or considering the nature of the said evidence so taken before the said registrar and receiver, and submitted to them by the said Manuel S. De Cambra and the said Hanna Rogers, as aforesaid, all of which was transmitted to him, the said Secretary, for consideration, by the said registrar and receiver and commissioner of the general land-office, as, by the laws of the United States and rules of said Interior Department, they were bound to do.'

"A cross-complaint very like the one here was considered in *Grant* v. *Oliver*, 91 Cal. 158. In that case the court say: 'It is alleged that the name of Thomas was fraudulently used for

the benefit of one Benson, and that the commissioner of the general land-office and the Secretary of the Interior, in violation of the legal and equitable claim of the defendant, neglected to read, examine, or weigh the evidence taken before them on appeal from the decision of the registrar and receiver awarding the land to Thomas, and, without an examination of the record, signed and filed written opinions adverse to the claim of defendant, which had been compiled and fabricated by clerks and subordinates.' In commenting upon said pleading in that case, the court say: 'There is no merit in the cross-complaint, and the plaintiff's demurrer to the same was properly sustained. There is nothing in the cross-complaint which takes the case out of the general rule that the action of the land department, acting within the scope of its authority, is binding. The land in controversy was within the jurisdiction of the land-officers; the merits of the defendant's claim were presented to the commissioner of the general land-office on appeal from the decision of the registrar and receiver awarding the lands to Thomas, and to the Secretary of the Interior on appeal from the decision of the commissioner, and both of those officers decided adversely to the claim.' The opinion of this court upon that cross-complaint, and its characterization of the statements, or rather assumptions, therein contained, is as follows: 'The allegations of the cross-complaint with respect to the conduct of the officers of the land department are so absurd that we do not deem it necessary to notice them. If they were true, and could be proved, the defendant would not be entitled to the relief he claims in this action.'

"The cross-complaint in this case is entitled to no other or better consideration. The boards and officers referred to in the cross-complaint, before whom the respective rights of the parties were submitted and decided, are special tribunals, constituted by act of Congress for the disposal of the public lands, and their decision within their jurisdiction has the force and effect of the judgment of a court. This has been so repeatedly determined by the supreme court of the United States, aside from the various decisions in this and other states, that it would be a waste of time to refer to them. In *Steel* v. *St. Louis Smelting etc. Co.*, 106 U. S. 447, the United States supreme court says: 'We have so often had occasion to speak of the land department, the object of its creation, and the powers it possesses in

the alienation by patent of portions of the public lands, that it creates an unpleasant surprise to find that counsel, in discussing the effect to be given to the action of that department, overlook our decisions on the subject. That department, as we have repeatedly said, was established to supervise the various proceedings whereby a conveyance of the title from the United States to portions of the public domain is obtained, and to. see that the requirements of different acts of Congress are fully complied with. Necessarily, therefore, it must consider and pass upon the qualifications of the applicant, the acts he has performed to secure the title, the nature of the land, and whether it is of the class which is open to sale. Its judgment upon these matters is that of a special tribunal, and is unassailable, except by direct proceedings for its annulment or limitation. Such has been the uniform language of this court in repeated decisions.'

"Being judicial in character, the acts of such boards and officers cannot be delegated. The law presumes they discharge their duties (Code Civ. Proc., sec. 1963, subds. 15, 16); and this presumption cannot be overcome by anything contained in the cross-complaint, being loose statements, founded not upon facts, but upon information and belief merely.

"The parties to the action, as shown by the cross-complaint, are the same as the parties to the proceeding before the United States land department. The controversy that was heard and determined there is the same that is sought to be again litigated and determined here. Under well-established rules of law, the judgment rendered in the former proceeding is conclusive of the rights of the parties here. (Code Civ. Proc., sec. 1903.) And it is not a case where equity will decree the holder of the legal title as trustee for appellant.

"The demurrer to the cross-complaint was properly sustained. The order sustaining the demurrer and the judgment for the plaintiffs are affirmed."

Upon further consideration of the matter, we are satisfied with that opinion, and adopt the same and the order therein made as the opinion and order of the court in Bank.

Judgment and order appealed from affirmed.

Garoutte, J., McFarland, J., and Harrison, J., concurred.

Beatty, C. J., dissented.