[Civ. No. 25221. First Dist., Div. Two. Jan. 21, 1970.]

JUANITA C. ROMERO, Plaintiff and Appellant, v.
COUNTY OF SANTA CLARA et al., Defendants and Respondents.

## Counsel

Juanita C. Romero, in pro. per., for Plaintiff and Appellant.

Popelka, Graham, Van Loucks & Allard and Keith A. Miller for Defendants and Respondents.

## Opinion

**DAVID, J. pro tem.** *—By her amended complaint, appellant, Juanita C. Romero, sought damages for the destruction of her 48 dogs; and for great bodily harm and mental suffering when she allegedly called to see the pile of her deceased dogs at the animal shelter where the massacre occurred. The defendants, who "intentionally, wrongfully, and maliciously[1] and with intent to injure plaintiff's said property" did the deed, were alleged to be respondent, County of Santa Clara, and certain of its employees, acting in the scope of their employment, namely, defendants Roy Barghini, Phillip Haims and Herbert Hawkins. Dogs are property, and in proper cases, the owner may sue for their death. (*Roos* v. *Loeser,* 41 Cal.App. 782 [183 P. 204].)

The amended complaint alleged that the claim presented to the County of Santa Clara was deemed rejected as of November 22, 1967, and that she "did not file suit upon her claim within six months from the date her claim was rejected," as required by Government Code, sections 945.6, subdivision (a), and 950.2.

It is then alleged that four unnamed "assistants in the office of the clerk in the Municipal Court for the San Jose-Milpitas-Alviso Judicial District, County of Santa·Clara, and in the office of the Clerk of the Superior Court in and for the County of Santa Clara," on or about July 8, 1967 (*sic*) "represented to plaintiff that she had one year within which to file suit against the county for recovery of damages suffered by her by reason of the acts recited above"; that she relied upon their superior knowledge of such matters and forebore from. filing her lawsuit within the six-month period, but did file on June 1, 1967, within the one-year period.

The respondent county interposed both a general and special demurrer,

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

[1]"Wrongfully and maliciously" do not tender any issue (*Going* v. *Dinwiddie,* 86 Cal. 633, 638 [25 P. 129]).

and a motion for summary judgment. The first was sustained without leave to amend and the motion was granted. This appeal is from the judgment of dismissal. But we conclude that the contentions made are no more effective than baying at the moon.

In reference both to the amended complaint and the motion for summary judgment, the first question is whether the pleading on the one hand, and the second is whether the affidavits on the other, raise a triable issue of estoppel, in avoidance of the acknowledged bar of the statutory limitation on this action. The decisions permit such an estoppel to be raised. (*Driscoll* v. *City of Los Angeles,* 67 Cal.2d 297, 305-306 [61 Cal.Rptr. 661, 431 P.2d 245].) ■ But the estoppel must arise by the conduct of one who legally exercises some duty or function in relation to such claims. A gardener in front of the courthouse, a janitor within, a bailiff within a court-room, a judge's stenographer in the ante-room, are certainly not agents of the county for such a purpose, nor are the attachés of a court generally.

■ Those in the municipal court do not occupy such relationship to the county government, nor do those of the superior court, as such (Charter, Santa Clara County, Stats. 1951, §§ 601, 602, 701, pp. 4642-4655; Gov. Code, § 24000). But inasmuch as the clerk of the superior court is the county clerk (Gov. Code, § 26800) authorized to act by deputies (Gov. Code, § 24101), the amended complaint is sufficient in this assertion, as against general demurrer. The special demurrer was valid, as directed to the uncertainty as to the names and capacities of the "assistants."

■ A plaintiff relying on estoppel must aver and prove all of the required elements. (*McGranahan* v. *Rio Vista etc. School Dist.,* 224 Cal.App. 2d 624, 630 [36 Cal.Rptr. 798].) While the allegations of the amended complaint are ambiguous, so far as the necessary scienter and purpose of those allegedly making the statement, they are subject to amendment. Therefore, if this dismissal rested upon the ruling sustaining the general demurrer directed to the estoppel alone, we would be impelled to reverse it. (*Lord* v. *Garland,* 27 Cal.2d 840, 850 [168 P.2d 5].)

But here, another principle is operative. ■ The amended complaint asserts the actions of the individual defendants were within the scope of their employment by the county, and its liability as pleaded is derivative from their action, if at all. To their acts, as pleaded, the law attaches the presumption that official duty was regularly performed (Evid. Code, § 664), which presumption attends the complaint. To state a cause of action, the pleading must aver facts which, if proved, would rebut the presumption. (*Going* v. *Dinwiddie,* 86 Cal. 633, 637 [25 P. 129]; *De Luca* v. *Board of Supervisors,* 134 Cal.App.2d 606, 610 [286 P.2d 395]; cf. the following cases: *Dillon* v. *Haskell,* 78 Cal.App.2d 814, 816 [178 P.2d 462]; *Stuart*

*Arms Co.* v. *City & County of San Francisco,* 203 Cal. 150, 152 [263 P. 218]; *Rogers* v. *De Cambra,* 132 Cal. 502, 506 [60 P. 863, 64 P. 894].)

The amended complaint does not aver that the myrmidons of the animal shelter or pound did something the laws or ordinances did not authorize them to do, at the end of 60 days, but we note Agricultural Code, sections 31107 and 31108. (*Kane* v. *County of San Diego,* 2 Cal.App.3d 550 [83 Cal.Rptr. 19].)

Appellant seeks to limit her attack on the judgment of dismissal, to the order relative to the general demurrer. This is barking up the wrong tree. ■ The order sustaining the demurrer is not appealable. (*Beazell* v. *Schrader,* 59 Cal.2d 577, 580 [30 Cal.Rptr. 534, 381 P.2d 390].) But the judgment of dismissal was the sequel also to the contemporaneous motion for summary judgment, which was granted.

■ On such a motion, the affidavit of Juanita Romero is accepted as true, even if it includes nonevidentiary matter. (*Eagle Oil & Refining Co.* v. *Prentice,* 19 Cal.2d 553, 556 [122 P.2d 264], cited by this court in *McGranahan* v. *Rio Vista, etc. School Dist., supra,* 224 Cal.App.2d 624, 627.)

From her affidavit, it appears that in 1965 she lived at 179 Sunset Avenue, San Jose, with 50 dogs. Mr. Roy Barghini caused a complaint to be filed against her for keeping a public nuisance. To this charge, she pleaded guilty in the municipal court. She was placed on probation for one year; and in February 1966 was brought before the court for violation of probation. The court modified the terms of probation, ordering her to move her dogs to a more suitable location within 10 days. "If I had not done so, the Court directed the Rabies Control to pick up all but two of the dogs and hold them for me at the Animal Shelter for 60 days; during which time I could find a suitable place for them." The dogs went to the shelter on May 5. Further efforts to modify probation to permit her to keep the dogs at her home were denied. "After the last of these hearings on June 30, Mr. Hawkins [District Attorney] told Mr. Barghini to destroy my dogs on the 6th of July [the expiration of 60 days from May 5]. I told him there was no order by the Court to destroy my dogs, and not to do it. He did not answer. *My attorney, Mr. Alfonso Romero, was present* [italics supplied] and he also told Mr. Hawkins and Mr. Barghini that the Court had made no order to this effect, and that he should not do so without one. Neither of them answered. . . . Notwithstanding all the above, on July 6th between 5:00 a.m. and 6:00 a.m., Mr. Barghini and Dr. Phillip Hains [*sic*] went to the animal Shelter and destroyed all of my 48 dogs."[2]

[2]Appellant's affidavit on summary judgment proceedings did not support her broad allegations of representations allegedly made by county officials or employees:

It is presumed official duty has been regularly performed (Evid. Code, § 664) and is conclusive in the absence of contrary proof (*Page* v. *City of Santa Rosa,* 8 Cal.2d 311, 314 [65 P.2d 775]) even in abatement of nuisances (*Irvine* v. *Citrus Pest Dist.,* 62 Cal.App.2d 378, 383-384 [144 P.2d 857]).

The moving affidavits for the county have singular lacunae, for they do not present the facts which would illuminate the incident as a product of official action. When one wants to get a bear up a tree, he should use the whole pack and not a single dog.[3] The affidavits principally are directed to one element of the complaint, the estoppel. They do not aver that the statements alleged as the estoppel were not made, but could not very well do so when the complaint did not name those to whom they were attributed. The affidavits must be by those who can testify competently to the included matters. (Code Civ. Proc., § 437c.) Appellant's affidavit, quoted above, shows she was represented by an attorney, Mr. Alfonso Romero, and also Mr. Livak, who in May 1967 told her "time was running short" in which to file. Respondents' uncontroverted affidavits reflect also that she was represented by another attorney in the course of the matter, i.e., Miss Molly H. Minudri; and other attorneys contacted the county counsel's office in her behalf.

These facts were sufficient to destroy the issue of estoppel. Where one has been represented by an attorney in connection with a claim the necessary elements for estoppel are not established as a matter of law. (*Tubbs* v. *Southern Cal. Rapid Transit Dist.,* 67 Cal.2d 671, 679 [63 Cal. Rptr. 377, 433 P.2d 169].) Therefore, the admitted failure to sue within the time specified was fatal to the causes of action. No application was made under Code of Civil Procedure, section 473, assuming that surprise, inadvertence or excusable neglect of herself or her attorney could have been adequately supported.

We regret that appellant suffered the loss of her pets. But a nuisance is a right thing in the wrong place, like a pig in a parlor, or 50 dogs where the

"I talked . . . with several people who knew of the facts of the case, and who told me I had a year within which to file suit, among them was a man at the clerk's office of the Municipal Court, Mr. Nave, and also several people at the Humane Society and the receptionist at the County Counsel's office. She told me I had a year."

[3]Power to order destruction of dogs: Consult: note, 56 A.L.R.2d 1024; *Simpson* v. *City of Los Angeles,* 40 Cal.2d 271, 279 [253 P.2d 464]; *In re Ackerman,* 6 Cal. App. 5 [91 P. 429].

law says they should not be maintained under the conditions specified. (*Cook* v. *Hatcher,* 121 Cal.App. 398 [9 P.2d 231].)

The judgment is affirmed.

Shoemaker, P. J., and Taylor, J., concurred.