Opinion
MILLER, J. *
— T.E. (Mother) appeals from orders terminating reunification services, denying her Welfare and Institutions Code section 388 petition, and terminating her parental rights.[1] We affirm.
*585 BACKGROUND*
Referee Valerie Skeba terminated reunification services by order dated December 3, 2012. Thereafter, Commissioner Emma Castro became the judicial officer presiding. In her order of December 5, 2013, Commissioner Castro denied Mother’s petition under section 388 for an evidentiary hearing and terminated Mother’s parental rights pursuant to section 366.26.
Mother filed a timely notice of appeal from Commissioner Castro’s December 5, 2013 orders.*
[2] Mother makes no argument regarding those orders, instead arguing only that the order denying her section 388 petition should be reversed because the juvenile court erred in not holding an evidentiary hearing and in failing to order the evaluation of an alternative placement for the minor.
In supplemental briefing, the parties and the superior court addressed Mother’s contention that Commissioner Castro was not authorized to act as a referee conducting juvenile court proceedings and therefore her orders denying Mother’s section 388 petition and terminating her parental rights were void.
We take judicial notice of a January 4, 2001 order issued by James A. Bascue, the then Presiding Judge of the Los Angeles Superior Court, entitled, “ORDER CROSS-ASSIGNING QUALIFIED SUBORDINATE JUDICIAL OFFICERS PURSUANT TO GOVERNMENT CODE SECTION 71622(c).” The order states: “[Pjursuant to Government Code section 71622, subdivision (d) that effective January 4, 2001, and continuing until further order of the Court, all subordinate judicial officers of the Court are cross-assigned without additional compensation to exercise all the powers and perform all the duties authorized by law to be performed by another type of subordinate judicial officer if the person cross-assigned satisfies the minimum qualifications and training requirements for the new assignment established by the Judicial Council pursuant to Government Code section 71622, subdivision (c). [¶] IT IS FURTHER ORDERED that prior to the implementation of this order as to any particular subordinate judicial officer, the Executive Officer/Clerk of the Court shall verify that the position is funded and authorized, and that the person meets the minimum qualifications and training requirements for the new assignment established by the Judicial Council.”
*586 Government Code section 71622, subdivision (d), added in 2000, states: “The presiding judge of a superior court may cross-assign one type of subordinate judicial officer to exercise all the powers and perform all the duties authorized by law to be performed by another type of subordinate judicial officer, but only if the person cross-assigned satisfies the minimum qualifications and training requirements for the new assignment established by the Judicial Council pursuant to subdivision (c).”
We also take judicial notice of an assignment order issued by Presiding Judge of the Juvenile Court Michael Nash, which states in pertinent part: “It is hereby ordered that effective January 1, 2013 . . . the following named Superior Court Commissioners . . . are . . . appointed to sit as referees pursuant to Section 248 et seq. Welfare and Institutions Code, and pursuant to the authority delegated to the Presiding Judge of the Juvenile Court by the Presiding Judge of the Superior Court . . . .” Commissioner Castro’s name does not appear on the order.
Section 248 states in pertinent part: “(a) A referee shall hear those cases that are assigned to him or her by the presiding judge of the juvenile court . . . .”
We take judicial notice of an order by Presiding Judge of the Los Angeles Superior Court David S. Wesley. That order provides in pertinent part: “IT IS HEREBY ORDERED that effective May 1, 2013, and subject to further order of the Court, the following named commissioners are assigned to and will preside in Juvenile Courts: [¶]... [][] Commissioner Emma Castro [1] . . . [¶] IT IS FURTHER ORDERED that the aforementioned commissioners are appointed temporary judges while sitting in Juvenile Courts, or in any other department in which they may preside in the Superior Court.”
In supplemental briefing, the Los Angeles Superior Court made the following statement: “Annually, it is Judge Michael Nash’s practice as Presiding Judge of the Juvenile Court to appoint commissioners as referees at the beginning of each calendar year, following annual assignments of judicial officers. However, Commissioner Castro was assigned by the Presiding Judge of the Superior Court to the Juvenile Court mid-year on May 1, 2013, and through inadvertence, the Presiding Judge of the Juvenile Court neglected to issue an additional order appointing her as a referee. However, by virtue of the [2001] order of the Presiding Judge of the Superior Court, Commissioner Castro was cross-assigned as a juvenile court referee as of the date of her taking her oath of office on June 2, 2011.” (Fn. omitted.)
The Los Angeles Superior Court’s brief also represents that “[t]here has been no further order of the court modifying the cross-assignment” made in *587 Presiding Judge Bascue’s 2001 order. The superior court argues that, by virtue of the 2001 order, as soon as Commissioner Castro was “assigned . . . to hear juvenile matters, that appointment and assignment included her cross-assignment as a juvenile court referee” and Judge Nash’s later orders were “not required or necessary.”
Finally, we take judicial notice of an assignment order issued by Judge Nash effective January 1, 2014, which is identical in pertinent part to his January 1, 2013 order and added Commissioner Castro’s name, among others.
DISCUSSION
I. Commissioner Castro had authority to make the rulings in this case.
Mother contends that only judges, referees, and temporary judges may preside in juvenile dependency proceedings. The parties agree, as do we. (See In re Courtney H. (1995) 38 Cal.App.4th 1221, 1225 [45 Cal.Rptr.2d 560].) Mother also contends that because Commissioner Castro’s name was not included on Judge Nash’s January 1, 2013 order, her December 2013 orders in Mother’s case were void because she was not then a referee or an agreed-upon temporary judge. No party contends Commissioner Castro was acting as a temporary judge. That leaves only one issue: Was Commissioner Castro authorized to hear dependency cases as a referee when she presided over Mother’s case? We conclude that she was.
Government Code section 71622, subdivision (a) provides in pertinent part: “Each trial court may establish and may appoint any subordinate judicial officers that are deemed necessary for the performance of subordinate judicial duties, as authorized by law to be performed by subordinate judicial officers.” As in effect at the time of the 2001 order, subdivision (b) provided: “The appointment of a subordinate judicial officer shall be made by order entered in the minutes of the court.” After amendment in 2003 and as in effect today and at the time of the 2013 order, subdivision (b) provides that the appointment of a subordinate officer “shall be made by order of the presiding judge or another judge or a committee to whom appointment or termination authority is delegated by the court, and shall be entered in the minutes of the court.”
Presiding Judge Bascue’s 2001 order was authorized by Government Code section 71622. In that order he cross-assigned all commissioners (subordinate judicial officers) to act as referees in juvenile dependency. Nothing in that section requires that judicial officers be named individually in the order. Thus, *588 on the day Commissioner Castro took her oath of office as a commissioner, June 2, 2011, she was cross-assigned as a referee, subject to her being qualified.
No one contends Commissioner Castro was unqualified to perform the functions of a referee and no one has submitted evidence that the superior court failed to assure that she was qualified to act as a referee before placing her in juvenile court. Evidence Code section 664 provides in pertinent part that “[i]t is presumed that official duty has been regularly performed.” When a public official is obligated to fulfill a duty before acting, the law presumes that, because the official acted, the duty must have been fulfilled beforehand. (E.g., Porter v. City of Riverside (1968) 261 Cal.App.2d 832, 836 [68 Cal.Rptr. 313].) In the absence of evidence that the official duty was not performed, the presumption is conclusive. (Romero v. County of Santa Clara (1970) 3 Cal.App.3d 700, 705 [83 Cal.Rptr. 758].) Given the total absence of evidence that the superior court failed to assure that she was qualified, we must presume pursuant to Evidence Code section 664 that the superior court did determine in a timely manner that Commissioner Castro was qualified.
Presiding Judge Bascue’s 2001 order expressly states it is effective “continuing until further order of the Court . . . .” No order of Presiding Judge Wesley or any other presiding judge purports to terminate the continuing effect of Presiding Judge Bascue’s 2001 order.
Moreover, no order by any presiding judge of the superior court delegates to Judge Nash the authority to cross-assign commissioners to sit as referees. In addition, there is nothing in the record to support the argument that any presiding judge delegated 100 percent of his authority to Judge Nash. Indeed, it is unlikely a presiding judge legally could have delegated 100 percent of that authority. (See Cal. Rules of Court, rule 10.603(b)(2) & (d) [limiting a presiding judge’s authority to delegate his or her basic duties completely].)[3]
We conclude Commissioner Castro was authorized to make the orders at issue.
*589 II., III.*
DISPOSITION
The juvenile court’s December 5, 2013 orders are affirmed.
Rothschild, P. J., concurred.

Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

 Undesignated statutory references are to the Welfare and Institutions Code.

See footnote, ante, page 583.

 Mother appealed the termination of her parental rights without mentioning the denial of her section 388 petition, but we construe the notice of appeal to encompass that denial. (In re Madison W. (2006) 141 Cal.App.4th 1447, 1450 [47 Cal.Rptr.3d 143].)

 The concurrence relies upon a May 3, 2013 order and a November 13, 2013 order. These orders are irrelevant to our analysis. Indeed, the November 13, 2013 order was not an order appointing commissioners as referees. Rather, that order simply designated the commissioners and judges listed as holding “all purpose” assignments so that challenges pursuant to Code of Civil Procedure section 170.6 (which was mentioned specifically in the order) would have to be exercised within a limited period.
The concurrence also questions why Judge Nash’s January 2013 and 2014 orders were necessary if Presiding Judge Bascue’s 2001 order was adequate. Such a “belt and suspenders” approach to upholding the law is not unusual. Moreover, the California Rules of Court encourage superior courts to “publish for general distribution” information “specifying the judicial assignments of the judges . . . .” (Cal. Rules of Court, rule 10.603(c)(1)(C).)

See footnote, ante, page 583.