Filed 1/2/24  In re C.T. CA4/2
*See Dissenting Opinion*

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re C.T., a Person Coming Under the Juvenile Court Law. | |
| SAN BERNARDINO COUNTY CHILDREN & FAMILY SERVICES, | E081536 |
| Plaintiff and Respondent, | (Super.Ct.Nos. J290011) |
| v. | OPINION |
| C.A., | |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Annemarie G. Pace, Judge.  Dismissed.

Jack A. Love, under appointment by the Court of Appeal, for Defendant and Appellant.

Tom Bunton, County Counsel, Tiffany Lok and Landon Villavaso, Deputy County Counsel, for Plaintiff and Respondent.

1

## I.  INTRODUCTION

C.T. is the daughter of defendant and appellant C.A. (Mother).  On June 14, 2023, the juvenile court entered an order terminating Mother's parental rights following a hearing pursuant to Welfare and Institutions Code[1] section 366.26.  Mother filed a notice of appeal from this order.  However, the only claim of error asserted in the opening brief is that the juvenile court erred by summarily denying a petition brought pursuant to section 388 without an evidentiary hearing.[2]  The petition sought to reinstate reunification services for Mother, and the order denying this petition was entered more than a month prior to the contested permanency planning hearing pursuant to section 366.26.

We agree with plaintiff and respondent San Bernardino County Children and Family Services (CFS) that the order denying Mother's section 388 petition is beyond the scope of our appellate jurisdiction in this appeal.  In the absence of any assertion of reversible error with respect to the order terminating parental rights identified in the notice of appeal, we conclude that dismissal of the appeal is the appropriate disposition.

## II.  FACTS AND PROCEDURAL HISTORY

Mother and C.T. first came to the attention of CFS shortly after C.T.'s birth.  C.T. was born prematurely and required significant medical attention.  Mother reported being

---

[1] Undesignated statutory references are to the Welfare and Institutions Code.

[2] "Section 388 accords a parent the right to petition the juvenile court for modification of any of its orders based upon changed circumstances or new evidence. [Citation.]  To obtain the requested modification, the parent must demonstrate both a

*[footnote continued on next page]*

homeless, appeared to lack provisions for C.T., and left the hospital on her own without a discharge summary or medication.

After C.T. spent several months in medical facilities, C.T.'s medical providers believed that her condition had improved to the point where C.T. would soon be ready for discharge. However, they reported concerns that C.T. could not be safely discharged to either of her parents. Mother had not visited C.T. in weeks and had not participated in training to learn how to manage C.T.'s medical needs upon discharge. As a result, CFS filed a petition on behalf of C.T. pursuant to section 300, alleging Mother's inability to supervise or protect, inability to provide, and inability to regularly care for C.T.

The juvenile court sustained the allegations of the petition and ordered C.T. removed from Mother's custody. In a 12-month review hearing, the juvenile court concluded that Mother had made minimal progress towards alleviating or mitigating the causes necessitating placement; found there was no substantial probability that C.T. could be returned to Mother within the statutory time frames; ordered Mother's reunification services terminated; and set the matter for a hearing pursuant to section 366.26 for the selection and implementation of a permanent plan.

On December 7, 2022, one day before the scheduled section 366.26 hearing, Mother filed a petition pursuant to section 388 seeking to modify the juvenile court's

---

change of circumstance or new evidence, and that the proposed change is in the best interests of the child." (*In re Alayah J.* (2017) 9 Cal.App.5th 469, 478.) To obtain an evidentiary hearing on a section 388 petition, a parent must make a prima facie showing of entitlement to relief. " 'We review the juvenile court's summary denial of a section 388 petition for abuse of discretion.' " (*In re C.J.W.* (2007) 157 Cal.App.4th 1075, 1079; *In re Alayah J.*, at p. 478.)

3

prior orders.  The juvenile court summarily denied the request.  On December 8, 2022, the juvenile court held a hearing pursuant to section 366.26, but it continued the hearing in order to permit CFS to supplement various items in its reports.

On April 27, 2023, Mother filed a second petition pursuant to section 388.  Mother requested that C.T. be returned to her custody or, alternatively, that Mother's reunification services be reinstated.  The juvenile court summarily denied the petition without setting the matter for an evidentiary hearing.

On June 14, 2023, the juvenile court held a contested hearing pursuant to section 366.26.  Ultimately, the juvenile court ordered Mother's parental rights terminated.  Mother filed a notice of appeal from the order terminating her parental rights.

### III.  DISCUSSION

A.  *Our Appellate Jurisdiction Is Limited by the Notice of Appeal*

" '[T]he timely filing of an appropriate notice of appeal or its legal equivalent is an absolute prerequisite to the exercise of appellate jurisdiction.' " (*In re J.F.* (2019) 39 Cal.App.5th 70, 74; *In re Isaiah W.* (2016) 1 Cal.5th 1, 7 [" ' "Appellate jurisdiction to review an appealable order is dependent upon a timely notice of appeal." ' "].)  Additionally, " ' "[o]ur jurisdiction on appeal is limited in scope to the notice of appeal and the judgment or order appealed from." [Citation.]  We have no jurisdiction over an order not mentioned in the notice of appeal.' " (*In re J.F.*, at p. 75.)  Thus, it has long been the rule that " ' " '[w]here several judgments and/or orders occurring close in time are separately appealable . . . , each appealable judgment and order must be expressly specified—in either a single notice of appeal or multiple notices of appeal—in order to be

4

reviewable on appeal.' " ' " (*Nellie Gail Ranch Owners Assn. v. McMullin* (2016) 4 Cal.App.5th 982, 1007-1008; *Sole Energy Co. v. Petrominerals Corp.* (2005) 128 Cal.App.4th 212, 239.)

In this case, the notice of appeal identifies only the order entered on June 14, 2023, terminating parental rights pursuant to section 366.26. However, Mother's opening brief seeks review of an order entered on May 2, 2023, denying her request to modify prior orders pursuant to section 388. The order denying Mother's section 388 petition was not identified in her notice of appeal and, as a result, we are without appellate jurisdiction to review Mother's challenge to this order.

It is true that "[g]enerally, we must liberally construe a notice of appeal in favor of its sufficiency." (*In re J.F.*, *supra*, 39 Cal.App.5th at p. 75; Cal. Rules of Court, rules 8.100(a)(2), 8.405(a)(3).) However, as numerous courts, including this court, have recognized: "[I]t is well 'beyond liberal construction' to view an appeal from one order as an appeal from a 'further and different order.' [Citation.] 'Despite the rule favoring liberal interpretation of notices of appeal, a notice of appeal will not be considered adequate if it completely omits any reference to the judgment being appealed.' " (*Baker v. Castaldi* (2015) 235 Cal.App.4th 218, 225; *Russell v. Foglio* (2008) 160 Cal.App.4th 653, 661 [same]; *In re J.F.*, at p. 76.)

Further, the policy of liberal construction does not apply "if the notice is so specific it cannot be read as reaching a judgment or order not mentioned at all." (*Filbin v. Fitzgerald* (2012) 211 Cal.App.4th 154, 173; *Ellis v. Ellis* (2015) 235 Cal.App.4th 837, 846 [Liberal construction of a notice of appeal is not appropriate where "every indication

5

in the record" is that appellant intended to appeal only from the identified judgment.];

*Glassco v. El Sereno Country Club, Inc.* (1932) 217 Cal. 90, 92 [It goes beyond the rule of liberal construction where the notice "does not present 'a mere misdescription' of the judgment," and "the description of that portion of the judgment appealed from is so clear and unmistakable as to preclude a description of [other portions of the judgment]."].)

Here, Mother's notice of appeal is clear and unambiguous. The notice states that Mother intended to appeal from the "termination of parental rights on 6/14/23." The notice was filed on Judicial Council Form JV-800, which permitted Mother to check various boxes to further identify the order subject of her appeal. Mother checked the boxes for "Section 366.26" and "Termination of parental rights," again identifying the date of the order as "6/14/23." Notably, the form also gave Mother the option of checking a box for "Section 388 (request to change court order)," but Mother did not check this box. Thus, Mother's notice of appeal evidences the intent to appeal from a specific order, as well as the intent to omit prior orders issued pursuant to section 388.[3]

---

[3] For this reason, we are unpersuaded by mother's reliance on cases that liberally construe a notice of appeal based upon actual language set forth in the notice. *In re Baby Boy V.* (2006) 140 Cal.App.4th 1108 involved a notice of appeal that failed to correctly identify an order but expressly referenced the specific argument and finding made at the time of hearing on the order the appellant sought to appeal (*id*. at pp. 1113-1115). *In re Joshua S.* (2007) 41 Cal.4th 261 involved a notice of appeal that correctly identified the date and name of the order the appellant sought to appeal, but included superfluous language that suggested the appellant originally intended to limit the claim of error related to that order (*id*. at pp. 271-272). Unlike these cases, the notice of appeal in this case does not include any language that could be liberally construed to suggest Mother intended to appeal from the order denying her section 388 petition.

6

We also observe that Mother's section 388 petition was not considered at the time of the section 366.26 hearing in this case but instead was resolved by a separate written order entered more than a month prior to the section 366.26 hearing. Nor did the substantive issues presented in the section 388 petition overlap with those considered by the juvenile court at the section 366.26 hearing. A section 388 petition can serve as an " 'escape mechanism' " to obtain the reinstatement of reunification services "when parents complete a reformation in the short, final period after the termination of reunification services but before the actual termination of parental rights." (*In re Kimberly F.* (1997) 56 Cal.App.4th 519, 528; *In re Marilyn H.* (1993) 5 Cal.4th 295, 309.) However, at the time of a section 366.26 hearing, "the decisions made at the review hearing regarding reunification are not subject to relitigation at the termination hearing." (*Cynthia D. v. Superior Court* (1993) 5 Cal.4th 242, 250; *In re Marilyn H.*, at p. 309 ["Once reunification services are ordered terminated," the court "need not continue to consider the issue of reunification at the section 366.26 hearing."].) Thus, the context and procedural history do not suggest that the omission of the order denying Mother's section 388 petition from her notice of appeal was merely a misdescription.

In urging us to liberally construe her notice of appeal to encompass the order denying her section 388 petition, Mother relies on *In re Madison W.* (2006) 141 Cal.App.4th 1447, which concluded that the rule of liberal construction should be extended to permit an appellant to challenge any order that could have been timely appealed at the time the notice of appeal was filed, absent prejudice to the opposing party (*id.* at pp. 1450-1451.) However, in *In re J.F.*, this court concluded that we lacked

7

jurisdiction to review the denial of a section 388 petition where the appellant's notice of appeal specified only the date and description of an order terminating parental rights entered forty-four days after the order denying the section 388 petition. (*In re J.F.*, *supra*, 39 Cal.App.5th at p. 73.) In doing so, we expressly disagreed with the rule formulated in *In re Madison W.* (*In re J.F.*, at pp. 76-79), and the California Supreme Court subsequently denied a petition for review of our opinion in that case. Thus, we decline to follow *In re Madison W.* and instead choose to follow our own precedent on this point.

In our view, where the notice of appeal contains no language to suggest an intent to appeal from a separate order and the procedural history does not suggest that the appellant may have been confused that separate appealable orders were involved, it goes well beyond the rule of liberal construction for this court to construe Mother's notice of appeal to encompass a separately appealable order involving distinct requests for relief under a separate statutory procedure entered more than a month prior to the order actually identified in the notice of appeal. Because the notice of appeal in this case entirely omits any mention of the juvenile court's order denying Mother's section 388 petition, we conclude that we are without appellate jurisdiction to review that order.

B. *Dismissal Is Appropriate*

Having clarified that our appellate jurisdiction in this appeal is limited to consideration of the order terminating Mother's parental rights, we conclude that Mother's appeal must be dismissed as abandoned.

"A 'reviewing court has inherent power, on motion or its own motion, to dismiss an appeal which it cannot or should not hear and determine.' [Citation.] An appealed-from judgment or order is presumed correct. [Citation.] Hence, the appellant must make a challenge. In so doing, he must raise claims of reversible error or other defect [citation], and 'present argument and authority on each point made' [citations]. If he does not, he may, in the court's discretion, be deemed to have abandoned his appeal"; and, "[i]n that event, it may order dismissal." (*In re Sade C.* (1996) 13 Cal.4th 952, 994; *In re J.F.*, *supra*, 39 Cal.App.5th at p. 79 [same]; *In re Mary C.* (2020) 48 Cal.App.5th 793, 809 ["When an appellant's briefs fail 'to make any arguments to support any theory of error,' but there is no basis to conclude the appeal is frivolous, the appeal is deemed abandoned."].)

In this case, the only claim of error asserted in Mother's opening brief is that the juvenile court should have granted Mother an evidentiary hearing on her section 388 petition. Mother has presented no claim of error with respect to the order terminating her parental rights. Nor has Mother presented any argument that an evidentiary hearing on her section 388 petition would likely have resulted in the reinstatement of reunification services, let alone that such a hearing would have prevented the subsequent order terminating her parental rights.[4] In the absence of any argument regarding reversible

---

**4** Indeed, Mother does not claim that it was reasonably probable she would have prevailed on the merits had she been given an evidentiary hearing on her section 388 petition, arguing instead that she "was not required to establish a probability of prevailing . . . to be entitled to a full hearing," and further arguing only that termination of parental rights was "premature" absent such a hearing.

error with respect to the order actually subject of this appeal, it is appropriate for us to deem the appeal abandoned and dismiss the appeal.

We further observe that, even if we had appellate jurisdiction to consider the merits of the juvenile court's order denying Mother's section 388 petition, dismissal of the appeal would still be appropriate. The order terminating Mother's parental rights is presumed correct, and it is Mother's burden to affirmatively demonstrate error on appeal. (*In re A.L.* (2022) 73 Cal.App.5th 1131, 1161; *In re Sade C.*, *supra*, 13 Cal.4th at p. 994; *In re J.F.*, *supra*, 39 Cal.App.5th at p. 79.) Thus, in the absence of any argument regarding reversible error related to the order terminating Mother's parental rights, we must presume the order is correct and affirm the order. (*In re Meranda P.* (1997) 56 Cal.App.4th 1143, 1160 ["Because the mother's appeal from the termination order does not present any issue concerning the validity of the juvenile court's findings of adoptability and lack of detriment made at the .26 hearing, we will affirm the order terminating the mother's parental rights."].) And, absent a viable challenge to the order terminating parental rights, Mother's challenge to the denial of her section 388 petition becomes moot because "[n]o effective relief may be afforded mother even were we to find her appeal of the denial of the section 388 petition meritorious." (*In re Jessica K.* (2000) 79 Cal.App.4th 1313, 1317.)

## IV.  DISPOSITION

The appeal is dismissed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS _____
J.

I concur:


McKINSTER _____
Acting P. J.

11

[*In re C.T.*, E081536]

RAPHAEL, J., Dissenting.

Our division took a wrong turn in *In re J.F.* (2019) 39 Cal.App.5th 70. That opinion split from three decades of precedent and bars a parent's appellate challenge in a dependency case like this one. The mother here, like many parents before her, made a familiar mistake in her notice of appeal. She timely appealed from the termination of her parental rights but did not list in the notice of appeal the then-recent, intertwined order denying her petition to change custody and visitation orders, which contained the ruling she wishes to challenge.

Before *In re J.F.*, an unbroken line of cases would permit this appeal. (See *In re Jeremy W.* (1992) 3 Cal.App.4th 1407, 1413, fn.9 (*Jeremy W.*); *In re Madison W.* (2006) 141 Cal.App.4th 1447, 1450 (*Madison W.*)) Our division followed *Jeremy W.* and *Madison W.* for many years. I would follow those cases, which construe the notice of appeal to cover the related, but unlisted, appealable order. I therefore dissent from the dismissal and would hear this appeal on the merits.

I

A "notice of appeal must be liberally construed." (Cal. Rules of Court, rule 8.100(a)(2).) That is, the appeal must be "'liberally construed . . . to protect the right of appeal if it is reasonably clear what [the] appellant was trying to appeal from, and where the respondent could not possibly have been misled or prejudiced.'" (*In re Joshua S.* (2007) 41 Cal.4th 261, 272.) The liberal construction rule exists to "'implement the

1

strong public policy favoring the hearing of appeals on the merits.'" (*K.J. v. Los Angeles Unified Sch. Dist.* (2020) 8 Cal.5th 875, 882 (*K.J.*).)

While the "timely filing of a notice of appeal is an absolute jurisdictional prerequisite. . .technical accuracy in the contents of the notice is not." (*K.J.*, *supra*, 8 Cal.5th at pp. 882-883). "Once a notice of appeal is timely filed, the liberal construction requirement compels a reviewing court to evaluate whether the notice, despite any technical defect, nonetheless served its basic function—to provide notice of who is seeking review of what order or judgment—so as to properly invoke appellate jurisdiction." (*Id*. at p. 883.)

To be sure, a notice of appeal must "identif[y] the particular judgment or order being appealed." (Cal. Rules of Court, rule 8.405 (a)(3).) Under the liberal construction rule, though, once a notice of appeal is timely filed from one appealable order, a court can construe it as encompassing a separate, related appealable order as to which it is timely filed, if doing so aligns with the filer's intent and there is no unfair prejudice to the respondent. (See *In re Cole L.* (2021) 70 Cal.App.5th 591, 600-601 [construing notice of appeal from January 22 appealable orders to also include challenges to January 6 appealable orders]; *Grant v. List & Lathrop* (1992) 2 Cal.App.4th 993, 998 [notice of appeal from costs and fees award subsumes later appealable order setting the amounts]; *In re Jordan* (1992) 4 Cal.4th 116, 131, fn.9 [notice of appeal listing only one of petitioner's two convictions construed to appeal from both]; *Aweeka v. Bonds* (1971) 20

2

Cal.App.3d 278, 282, fn.1 [notice of appeal specifying judgment of dismissal construed to include appealable request for a preliminary injunction].)

In a recent opinion, our Supreme Court construed a notice of appeal filed by an appellant to include a sanctioned attorney who was not listed as an appellant in the notice. (*K.J.*, *supra*, 8 Cal.5th 875.)  In doing so, the court stated that this was a less common type of liberal construction and stated that "the rule of liberal construction is most commonly employed to remedy defects in a notice's designation of the order or judgment that is being appealed from." (*K.J.*, *supra*, at p. 885.)

## II

The problem here recurs in dependency cases due to the structure of the appellate scheme in that area of law.  In other civil and criminal cases, the final judgment rule typically means that a single appeal from the judgment permits challenges to rulings made along the way to it.  In a dependency proceeding, however, the dispositional ruling is the judgment, yet a case that results in the termination of parental rights proceeds for many months after that judgment.  Each order following the dispositional ruling generally is appealable. (*A.M. v. Superior Court* (2015) 237 Cal.App.4th 506, 512; Welf. & Inst. Code § 395, subd. (a).)  An appeal from an order terminating parental rights seems much like an appeal from a final judgment.  Yet it does *not* permit us to consider earlier appealable rulings, where the appeal from those rulings would be untimely.  But what about the situation here: there is an earlier appealable ruling, related to the termination of parental rights, that was so recent that the notice of appeal was *timely* as to it?

3

Here, the trial court denied mother's Welfare & Institutions Code section 388 petition seeking to reinstate her reunification services due to changes she had made in her life. Granting that petition would have forestalled termination of her parental rights, her obvious goal. A few weeks later, the trial court terminated her parental rights.

Mother filed a notice of appeal that was timely as to both orders, both of which are independently appealable. But, on her notice of appeal, filed without a lawyer, she identified only the order terminating her parental rights and did not identify the earlier order denying her section 388 petition. In her appellate briefing, she challenges the section 388 denial. Do we have appellate jurisdiction?

Over thirty years ago, in the 1992 *Jeremy W.* opinion, the Court of Appeal held that we *do* have jurisdiction in just this circumstance. (*In re Jeremy W.*, *supra*, 3 Cal.App.4th at p. 1413, fn.9; see also *In re Josiah S.* (2002) 102 Cal.App.4th 403, 418.)

About fourteen years later in 2006, *In re Madison W.* observed that the issue kept arising "frequently." (*In re Madison W.*, *supra*, 141 Cal.App.4th at p. 1450.) So the court attempted to "resolve it once and for all, at least as to this court." (*Ibid.*) It once again dealt with the precise situation we have here: the notice of appeal from an order terminating parental rights "contained no reference" to the earlier denial of a petition filed under Welfare & Institutions Code section 388. (*In re Madison W.*, at p. 1450.) Yet again, the court held that we *do* have jurisdiction to hear such a challenge: "we will henceforth liberally construe a parent's notice of appeal from an order terminating parental rights to encompass the denial of the parent's section 388 petition, provided the

4

trial court issued its denial during the 60–day period prior to filing the parent's notice of appeal." (*Id.* at p. 1451; accord *In re Angelina E.* (2015) 233 Cal.App.4th 583, 585, fn.2.)

For twenty-seven years following *Jeremy W.*, and for thirteen years following *Madison W.*, the court of appeal treated this matter as settled. No published opinion contradicted those holdings. *Madison W.* has been cited in over 100 nonpublished opinions, including many that applied its holding to review a challenge to an order not mentioned in the notice of appeal. I have located seventeen nonpublished opinions from our division that followed *Jeremy W.* or *Madison W.* in construing a notice of appeal from the termination of parental rights to allow an appeal from a denial of a section 388 petition, even though that denial was not listed in the notice. I have listed these cases in an Appendix.[1]

The recurrence of this mistake is important. It helps show that a reasonable person in the parent's position may intend to appeal from the earlier order, intertwined as it is with the order terminating parental rights, even though the parent lists only the latter. This understanding can inform why it can be "reasonably clear" (*K.J.*, *supra*, 8 Cal.5th at

---

[1] Our rule of court (Cal. Rules of Court, rule 8.1115) permits citation of nonpublished opinions only in a couple of circumstances. Outside the terms of the rule, however, our Supreme Court cites nonpublished opinions to show the extent to which a rule of law is applied. (See *Camacho v. Superior Court* (2023) 15 Cal.5th 354, 376, fn.2 [citing 13 nonpublished opinions to show the existence of an issue]; *People v. Mumin* (2023) 15 Cal.5th 176, 230 [listing dozens of nonpublished opinions that involved a particular jury instruction]; *People v. Henson* (2022) 13 Cal.5th 574, 595, fn.15 [citing nonpublished opinions to show issue was recurring and stating "without treating them as legal precedent, we may take judicial notice of their statements of fact"].) Because that sensible use—at least in an opinion—has been sanctioned by our highest court, I am citing the nonpublished opinions in the Appendix, though they have no binding force.

p. 885) that a parent wished to appeal from the earlier, unlisted order that would have halted the termination of parental rights. Understanding how readily this mistake can be made illuminates why *Madison W.*'s rule reasonably construes the intent of appealing parents.

## III

*Madison W.*'s approach makes sense as a construction of mother's intent. A section 388 petition filed shortly before the trial court is to consider terminating parental rights is geared toward heading off that termination by showing circumstances have changed. Here, with her section 388 petition, mother asserted that she had "maintained her sobriety" and she provided records of negative drug tests; she asserted that she had "consistently attended" Narcotics Anonymous meetings and provided records of that attendance; and she provided evidence of consistent attendance at a counseling program. She provided four reference letters from a counselor and friends. She asserted that she had "housing and a job and can provide for" her daughter.

It should be clear that a central purpose of mother's section 388 petition was to stave off the termination of parental rights. Yet mother made that explicit in her petition: she asked for the reinstatement of reunification services and "for the court not to follow the recommendation for the upcoming" hearing to terminate her parental rights. Had her request been granted, the termination hearing presumably would be taken off the court's calendar. Instead, the trial court denied her request without a hearing. Now mother brings to us a single claim: that she merited a hearing on her petition. (See *In re J.P.*

6

(2014) 229 Cal.App.4th 108, 127 [under section 388, a party need only make a prima facie showing to trigger the right to a hearing]; *In re Jeremy W.*, *supra*, 3 Cal.App.4th at pp. 1416-1417 & fn.14 [reversing order terminating parental rights because "a fair hearing on the section 388 petition was a procedural predicate to proceeding" to that order; also observing the two hearings could be consolidated].)

Whatever the merits of mother's section 388 petition, it was directed at staving off the termination of her parental rights. It was perhaps her best vehicle for doing so. At the later hearing to terminate mother's rights, her counsel "place[d] an objection" to the recommendation to terminate mother's rights, recognized that the request for services in her denied section 388 petition was no longer "at issue," but noted that the court knew about what she had done to improve herself and change her circumstances.

Today the majority follows *In re J.F.*, *supra*, 39 Cal.App.5th 70, which arose in a similar situation to this case. There, we held that a father's notice of appeal from the order terminating parental rights "indicates he intended to appeal only" from that order and not the earlier order terminating his section 388 petition. (*In re J.F.* at p. 75.) The court pointed out that he did not check any box showing his intent to appeal from any other order. (*Ibid*.) The notice of appeal thus "expressly states" what order he is appealing from and "completely omits" any other order. (*Id*. at pp. 76-77.) Where the notice is "unambiguous" as to what the parent purported to appeal from, *In re J.F.* believed the court had no jurisdictional basis for liberal construction of the notice of appeal. (*Id*. at pp. 78-79.)

7

*In re J.F.* is correct as a strict construction of the language of the notice of appeal. Viewed strictly, the notice of appeal shows an intent to appeal from only the termination order. But our duty to liberally construe a notice of appeal is not limited to such a construction. Rather, we are to construe the notice reasonably, in its context. For comparison, the notice of appeal in *K.J.*, *supra*, 8 Cal.5th 875, showed a single party appealing. Yet our Supreme Court construed the notice to include the party's attorney, appealing a sanctions order. There, the context made clear enough that the appeal was intended to encompass the attorney. Once there is a timely notice of appeal, the test is whether it is "reasonably clear" that the attorney, as well as the party, wished to appeal. (*Id*. at p. 885.)

Here, once mother filed an appeal from the termination of her parental rights, it was reasonably clear that she intended to appeal from the order denying her section 388 petition, directed at stopping the termination. Indeed, there may be no rational reason for mother to have *excluded* her section 388 petition denial from the notice of appeal. It does not make sense to construe the omission of that denial from the notice as a choice not to appeal from it. *In re J.F.* is wrong to conclude that the omission "manifests a '"clear and unmistakable"' intent" to appeal from only the termination order. (*In re J.F.*, *supra*, 39 Cal.App.5th at p. 78.) Instead, it manifests a mistake in believing that the matters would be subsumed in the appeal from the final order in the case.

*In re J.F.* acknowledges that we can construe an appeal as taken from an unlisted intended order when the appellant makes a mistake. It cites a mistake that predominates

8

in civil cases where there is a single appealable judgment and other unappealable orders. When a party takes an appeal from a *non*-appealable order, we often can construe the appeal as properly taken from an appealable one. (*In re J.F.*, *supra*, 39 Cal.App.5th at p. 76 [discussing *In re Daniel Z.* (1992) 10 Cal. App.4th 1009].) For instance, our Supreme Court has held that a notice of appeal identifying an unappealable order denying a new trial should be construed as if it had listed the judgment itself. (*Walker v. Los Angeles County Metropolitan Transportation Authority* (2005) 35 Cal.4th 15, 22.)

In this situation, our Supreme Court has even suggested that "when filed" in such a case, the notice subjectively "was *intended* to announce an appeal" from the non-appealable order. (*Vibert v. Berger* (1966) 64 Cal.2d 65, 68.) Despite that mistake, the notice will "'be treated'" as a notice of appeal from the appealable judgment, when it is clear what the appeal was intended to cover and there is no prejudice to the respondent. (*Ibid*.) The court stated that it did not matter whether the notice of appeal's error was a mistake in the description of the appealable order, or made out of ignorance as to the proper order, the notice of appeal would be interpreted to apply to the appealable order. (*Id*. at p. 70.)

As in those cases, mother's mistake here is that she mistakenly failed to list the correct order on her notice of appeal. The difference is that mother's notice of appeal identified an order that *also* is appealable, rather than non-appealable. Dependency cases, where virtually all orders leading up to termination of parental rights are appealable, present a situation that has no common analogue in other civil cases. The

9

same liberal construction principle that applies to listing the wrong order in ordinary civil cases should apply here. What that means is that we should construe a notice of appeal as including a timely appeal from an unlisted order when its substance relates to the order listed on the notice of appeal, and there is no prejudice to the respondent.

Finally, *In re J.F.* suggests that the court could be swayed to liberally construe the notice of appeal if only a few days passed between the denial of the section 388 petition and the termination of parental rights. (*In re J.F.*, *supra*, 39 Cal.App.5th at p. 77.) If there had been a "mere three days" between the two orders, rather than 44 days, *In re J.F.* might have entertained the appeal. (*Ibid.*) On this score, *In re J.F.* is correct that the number of days is "jurisdictionally meaningless." (*Id*. at p. 78). As a matter of our jurisdiction, the notice of appeal is timely so long as it was filed within 60 days of the denial of the section 388 petition, which it was. But not only is the number of days jurisdictionally meaningless, it has little connection to the reason for liberal construction of the notice of appeal. A parent makes a mistake in failing to separately list the denial of the section 388 petition even if that denial occurs the same day as the termination of rights. The mistake is in believing that the section 388 issues raised are included in the appeal, despite the failure to list the section 388 denial. Absent the failure to appeal immediately causing prejudice, I see no reason why the number of days between the orders matters to correcting that mistake by liberally construing the appeal.[2]

---

[2] The majority is wrong to ascribe any importance to the fact that "the California Supreme Court . . . denied a petition for review of [the *In re J.F.*] opinion." (Maj. opn, *ante*, at p. 8.) Our Supreme Court has repeatedly told us not to view a review denial that

*[footnote continued on next page]*

10

V

Parents in dependency cases will continue to make the mistake that mother made here, as they have over the decades. Court of Appeal panels that follow *In re J.F.* will penalize that mistake by dismissing their appeals, as the majority does here. Applying *In re J.F.*'s unkind rule is the wrong choice. It allows a hollow appeal from the order terminating parental rights, but it bars an argument based on the motion in which the parent attempted to show a change in their circumstances to stave off the final loss of their child.

We entertained these appeals for many years. Panels that follow *Jeremy W.* and *Madison W.* are acting more consistently with the California policy of hearing appeals on their merits. I would follow those cases and hear this appeal.


RAPHAEL_____

J.

---

way. Where a court of appeal panel recently stated that denial of review provided a clue as to the law, the Supreme Court responded: "as we have reiterated, an order granting or denying a petition for review . . . is not an expression of opinion on the merits of the case." (*People v. Salazar* (2023) 15 Cal.5th 416, 426, fn. 4.)

11

APPENDIX


Following are nonpublished dependency cases where the Fourth District, Division Two took jurisdiction over an appealable order not mentioned in the notice of appeal from the termination of parental rights, relying on *In re Jeremy W.* (1992), 3 Cal.App.4th 1407, 1413, fn.9, or *In re Madison W.* (2006) 141 Cal.App.4th 1447, 1450.

*In re Nadilie K.* (Oct. 15, 2001, E028830) 2001 Cal.App.Unpub. Lexis 2676

*In re Owen B.* (Aug. 9, 2002, E031412) 2002 Cal.App.Unpub. Lexis 7569

*In re Jeanna V.* (Mar. 15, 2007, E041137) 2007 Cal.App.Unpub. Lexis 2122

*In re I.K.* (Oct. 20, 2008, E045065) 2008 Cal.App.Unpub. Lexis 8669

*In re M.M.* (Nov. 17, 2008, E045360) 2008 Cal.App.Unpub. Lexis 9345

*In re A.M.* (Feb. 10, 2011, E051676) 2011 Cal.App.Unpub. Lexis 1067

*In re B.B.* (Feb. 28, 2013, E056793) 2013 Cal.App.Unpub. Lexis 1516

*In re E.C.* (Aug. 19, 2014, E060614) 2014 Cal.App.Unpub. Lexis 5810

*In re M.A.* (Jan. 6, 2016, E063878) 2016 Cal.App.Unpub. Lexis 123

*In re D.Q.* (Aug. 17, 2016, E065396) 2016 Cal.App.Unpub. Lexis 6003

*In re S.P.* (January 25, 2017, E066449) 2017 Cal.App.Unpub. Lexis 523

*In re A.T.* (Sept. 27, 2017, E067574) 2017 Cal.App.Unpub. Lexis 6623

*In re W.M.* (June 10, 2019, E071872) 2019 Cal.App.Unpub. Lexis 3925

*K.K. v. Superior Court* (Oct. 3, 2019, E073008) 2019 Cal.App.Unpub. Lexis 6713

In re A.V. (June 25, 2020, E074817) 2020 Cal.App.Unpub. Lexis 3978

In re E.L. (Feb. 10, 2021, E075816) 2021 Cal.App.Unpub. Lexis 822

In re M.M. (May 24, 2023, E080117) 2023 Cal.App.Unpub. Lexis 3043